Trippe, Judge.
Before the passage of the Act of February 20th, 1854, a-Judge at Chambers had no power to order the - sale of trust property: 10 Georgia, 429. By that Act he might so order “where all parties in interest are represented and consenting, *and where there is no question of fact in dispute, * * * and such orders and decrees shall be as valid as if passed and made during the regular session of the Superior Court of the county on the verdict of a jury.” This Act implies that if such order be obtained in term time, it must be on the verdict of a jury. If it be granted at a regular term, then it is from a Court of chancery, and chancery jurisdiction is conferred in this State upon the Superior Courts, and not upon the Judges thereof: 10 Georgia, 429; Cobb’s Digest, 467.
This was the state of the law before the Code, and a verdict of a jury was necessary when the order or decree was granted at a regular term. By section 4147, a verdict may not now in all cases'be required. .But whether the application be made at Chambers or at a regular term, all parties in interest must have notice and be represented or made parties to the proceedings. If a minor be interested, and have a guardian, that guardian must be a party, and if he have no guardian there must be a guardián ad litem appointed. These are the present statutory provisions, as will be seen by sections 4164, 4165 of tire Code, and they are but ’affirmations of what the law was before.
In the argument, authority was quoted from 1 Daniel Chancery Practice, 205, that “an infant defendant is as much bound by a decree in equity as a person of full age,” etc. The very quotation shows that the infant in such cases is a defendant and a party, and the same authority says it is the rule to serve the minor personally with the process.
In all Courts, English or American, all parties in interest, whether sui juris, married women, infants or lunatics, must: be made parties to proceedings affecting their interests, and must have notice: 30 Georgia, 394; 2 Mad. Pr., 351. As a general rule, a trustee cannot institute proceedings in a Court of equity, relating to the trust property, without making the whole of the cestuis que trust parties: Hill on Trustees, 543; 1.Dan. Ch. Pr., 311. The cases where it is not necessary to make them parties are such as trustees acting under a deed, with power to *339 sell and to apply the proceeds, or where the interest *of the cestui que trust is collateral to the rights of the plaintiff trustee and the defendant to the suit; as where a bill is filed by one trustee against his co-trustee, to compel him to replace the trust fund, which had been misapplied or appropriated by him: Hill on Trustees, 543, 545; 3 Ves., 75; 1 Dan. Ch. Pr., 312. If it be a suit at law for asserting or defending the legal title, and the legal interest be in the trustee, he may, alone, be a party.
In the case under consideration, the father was the trustee of his infant daughter. In an ex parte proceeding, he obtained an order to convert land into money. He was not under bond as trustee, and no bond was required to secure to the infant the proceeds of the sale. The infant did not have a guardian, whose duty it would have been to have protected her rights, and who would have been liable for his failure so to do.
We do not think an order was legal or valid giving authority to the trustee to make such a change as this in the property of a minor cestui que trust without the guards the law provides for her protection being observed. The order obtained after the sale from the Judge, ratifying what had been done, was procured upon the written consent of the cestui que trust, who was still a minor, being quite a young girl, and incompetent to give her consent so as to be bound by it. The bill charged knowledge of all these facts on the part of defendant.
We-are of opinion that the Court erred in sustaining-the demurrer and dismissing the bill.
Judgment reversed.