Bradford, trustee, *vs*. The Water Lot Company of the City of Columbus *et al*.

———————

Jesse J. Bradford, trustee, plaintiff in error, *vs*. The Water Lot Company of the City of Columbus *et al*., defendants in error.

1. The execution must follow the judgment, and when the judgment is against the "Water Lot Company of the City of Columbus," and the execution against the "Water Lot Company," the execution does not follow the judgment. The name of a corporation is of its very

essence, and a change of name in the *fi. fa.* from that by which it is sued and judgment entered up against it, is a material variance.

2. The claimant may take advantage of such variance, and though it may be amendable the levy must fall.

3. If the same party has litigated with the plaintiff in *fi. fa.* he should raise such an objection to the *fi. fa.* at an early stage of the litigation, and failing to do so, he will be estopped afterwards; but the claimant is not the same party as the defendant in *fi. fa.* so as to make this rule applicable to it, if it be a different corporation from the defendant in *fi. fa.*, though it own a majority of stock in the defendant in *fi. fa.*

Judgments. Executions. Levy and Sale. Claim. Estoppel. Before Judge CRAWFORD. Muscogee Superior. Court. November Term, 1876.

Reported in the opinion.

R. J. MOSES; BLANDFORD & GARRARD, for plaintiff in error.

JAMES JOHNSON; PEABODY & BRANNON, for defendants.

JACKSON, Judge.

Bradford obtained a judgment against the Water Lot Company of the City of Columbus; execution was issued thereon and levied upon certain lots of land as the property of said company. The Eagle and Phœnix Manufacturing Company claimed these lots. On the trial of this claim case, the record of the judgment and execution was in evidence before the court and jury; whereupon counsel for the claimant moved to dismiss the levy upon the execution on the ground that the execution did not follow the judgment; the court sustained the motion and dismissed the levy, and the question before us, the plaintiff in *fi. fa.* having excepted, is, ought the levy to have been dismissed?

The suit was against " the Water Lot Company of *the City of Columbus*," the judgment was entered up against "the Water Lot Company of the City of Columbus," but the execution was against "the Water Lot Company"— leaving out the

·Bradford, trustee, *vs.* The Water Lot Company of the City of Columbus *et al.*

words "of the City of Columbus." The plaintiff in *fi. fa.* resisted the motion to dismiss the levy on the ground that there was no other corporation within the city of Columbus of the name of the Water Lot Company except this corporation; and on the ground that the Eagle and Phœnix Manufacturing Company was in effect the same corporation as the said Water Lot Company, and that the Water Lot Company of the City of Columbus had filed an affidavit of illegality against the plaintiff's *fi. fa.*, and had filed a bill in equity to enjoin the said *fi. fa.* without making any objection to the same, because it did not follow the judgment, and that the claimant was thereby estopped from raising this objection at this late stage in the litigation.

1. The execution must follow the judgment; the judgment is against the Water Lot Company of the City of Columbus; the execution is against the Water Lot Company; therefore the execution does not follow the judgment— Code, §3636. Is this variance substantial? The name of a corporation is of its very essence; by that name it is empowered to sue, and by it it is liable to be sued; the name of it is, therefore, of its substance; it can only be known in all legal proceedings by that name; and if it be sued by a different name, the suit would be dismissed. If it be sued by its right name and judgment be entered up against it by its right name, but the execution is issued thereupon by a different name, the variance is material—Angell & Ames, 599; 14 *Ga.*, 280.

There can be no doubt that the claimant may take advantage of any defect in the execution which the defendant could do; and whilst this defect was amendable it is clear that the levy must fall—Code, §3495; 52 *Ga.*, 586; 6 *Ga.*, 529.

3. The only question that remains, therefore, is this, does the fact that the defendant in *fi. fa.* had previously litigated with this plaintiff in respect to this *fi. fa.*, both in an affidavit of illegality and by bill in equity, coupled with the fact that this claimant was at the time of such litiga-

tion the owner of a majority of stock in the defendant in *fi. fa.*, estop the claimant from making the objection at this time? There can be no doubt that the defendant in *fi. fa.* would be estopped—1 *Kelly*, 463; but is the claimant, because it owned a majority of the stock of the defendant, the same party with the defendant so as to apply this rule of estoppel to it? Estoppels are not favored by courts. The stockholder in a company is not the company. If he owns a few shares of the stock, less than a majority, he certainly cannot control its litigation; and even if he owned a majority of the stock he cannot ordinarily control it except by a change of the directors, and this can be done ordinarily only at the meeting where these directors are elected. During the progress of the litigation the stockholder, whether he owned little or much stock, has no right to interfere. At this term this court held that a stockholder had no legal right to file a plea; how then can he be bound by the neglect of the corporation to file pleas, or to take exceptions to evidence, or otherwise to mismanage the case? It is true that persons connected with both these corporations seem to have participated in the management of this litigation, but not sufficiently so, we think, to make both one party.

For these reasons we are not prepared to hold that the claimant, the Eagle and Phœnix Manufacturing Company, is estopped by the failure of the Water Lot Company of the City of Columbus to except to this *fi. fa.*, though the former company may have owned a majority of stock in the latter company. We think, therefore, that the court did not err in dismissing the levy.

Judgment affirmed.