## NEW ENGLAND MORTGAGE SECURITY COMPANY *v.* WATSON.

1. Where land was levied on under an execution issued from a judgment rendered in an attachment case against a non-resident, and a claim filed, the claimant did not, by admitting at the trial of the claim case that the land levied on was *prima facie* subject to that execution, necessarily admit that the defendant in attachment was in possession of the land when the attachment purported to have been levied, or that the alleged levy of that process was valid and legal.
2. In such case it was the claimant's right to attack as void the judgment rendered in the attachment case, by showing that there had never been a legal levy of the attachment itself.
3. An entry by the sheriff upon an attachment sued out against a non-resident of this State, stating in substance that the officer had levied the attachment upon certain described land, and containing nothing else except the words "tenant in possession notified this day in writing," did not without more constitute a valid levy of the attachment so as to give the court to which the attachment was returnable jurisdiction to enter a judgment thereon against the defendant in attachment, the latter never having appeared or made defense to the action, and it not appearing that he had been, either in person or by tenant, in possession of the land. A judgment thus rendered was void and open to collateral attack.

Argued November 16,—Decided November 23, 1896.

Levy and claim.     Before Judge Fish.     Lee superior court.     March term, 1896.

*Anderson, Felder & Davis,* for plaintiff.
*Allen Fort* and *J. F. Watson,* contra.

SIMMONS, Chief Justice.

An execution issuing from the superior court of Gwinnett county in favor of the New England Mortgage Security Company against Samuel Scrutchins, it being a general execution against Scrutchins and also special against certain land in Lee county, based on a judgment of March 2, 1891, was by the sheriff of Lee county levied on said land as the property of Scrutchins; and a claim was interposed by Watson. Upon the trial the claimant assumed the burden of proof by admitting that the land levied on was *prima facie* subject to the plaintiff's *fi. fa.* and should be so found unless claimant should succeed in showing that it was not subject. Claimant introduced, among other things, a certified copy of attachment proceedings in favor of plaintiff against defendant, instituted in Gwinnett superior court, attachment having issued upon the ground that defendant resided without the State of Georgia. It was admitted that the defendant had never resided in Gwinnett county and had no property situated therein. An entry upon this attachment showed what purported to be a levy of it in Lee county by the sheriff thereof upon the land above mentioned and written notice to tenant in possession, the entry being dated August 11, 1890. The plaintiff objected to the introduction of the certified copy, on the grounds that the same was irrelevant; that claimant having assumed the burden of proof could not attack the attachment proceeding; and that if this proceeding was irregular it was voidable, not void, and could not be attacked collaterally by claimant. The objections were overruled, and to this ruling plaintiff excepted. Claimant's counsel moved to dismiss the levy, because the entry of levy did not show the amount of the interest of defendant in the property levied upon, and did not show that defendant had any interest

whatever in the property, that is, did not contain the recital, "levied on as the defendant's property." The court sustained the motion, and to this ruling the plaintiff excepted. In a note the judge states: Plaintiff's *fi. fa.* was not based upon a general judgment, but upon the special judgment in attachment obtained by virtue of the foregoing levy.

1. It was argued before us that the claimant, by admitting at the trial of the claim case that the land levied on was *prima facie* subject to the plaintiff's *fi. fa.*, admitted that the defendant in attachment was in possession of the land when the attachment purported to have been levied and that the levy of that process was valid and legal. We do not agree with counsel in this contention. The claim was against the levy of the execution and not the levy of the attachment; and if the defendant in execution was in possession of the land after the rendition of the judgment in the attachment case, this fact would put upon the claimant the *onus* of showing title in himself; but the claimant's admission at the time of the trial of the claim case that the land was *prima facie* subject to the execution did not necessarily go further back than the state of affairs existing when the execution was levied, and of course therefore did not bind the claimant as an admission that he was in possession when the attachment was levied, or that the attachment was valid.

2. This court has settled that a claimant may attack an execution for any reason which the defendant in execution could urge against it at the time of the trial of the claim case. *Robinson* v. *Schly & Cooper*, 6 *Ga.* 529; *Bradford* v. *Water Lot Company*, 58 *Ga.* 282. See also *Horne* v. *Powell*, 88 *Ga.* 639. If the judgment was void because the defendant in the judgment had never had his day in court, the defendant could make that point at any time; and so could the claimant.

3. The levy of the attachment was bad because it did

not show that the land had ever been seized as the property of the defendant in attachment. As it did not state that he was in possession, the words "tenant in possession" did not necessarily relate to the defendant in attachment; and under the decision of this court in *Smith* v. *Brown,* 96 *Ga.* 274, there was not, as to him, a valid seizure of the property. The defendant never having appeared or made defense to the action, and it not appearing that he had been, either in person or by tenant, in possession of the land, the court to which the attachment was returnable was without jurisdiction to enter a judgment thereon against the defendant in attachment; and the judgment thus rendered was void and open to collateral attack. (Code, §§3828, 3594.)

At the time the case just cited was decided, we overlooked the act of December 20th, 1890, "to provide when attachment liens on realty shall take effect as against third persons." Acts of 1890-91, vol. 1, pp. 208, 209. Consequently, the expression used by Justice Lumpkin, on page 278 of 96 *Ga.*, "There is no such provision for making a public record of the levy of attachments," was inadvertent, and was, of course, not accurate, in the sense that there had been no legislation at all with reference to entering levies of attachments upon public dockets. But we do not now think the above cited act of 1890 was intended to render the entry upon a docket of the levy of an attachment upon realty operative as a constructive seizure of the property, so far as affected the defendant in attachment. Its declared purpose, as expressed both in its title and in its body, was simply to provide when attachment liens on realty should take effect *as against third persons;* and in order to leave the matter absolutely free from all doubt as to the rights of both the plaintiff and defendant in attachment, it unequivocally provided, "That nothing in this act shall be construed to affect the validity or force of any attachment, as between the parties thereto." In view of this provision, it

could not have been intended that an entry of the levy of an attachment upon the docket should operate as constructive notice to the defendant in attachment that his land had been seized.  All his rights in the premises were left untouched and unaffected by this act.  They remained as if it had not been passed at all, and therefore the reasoning of the opinion in *Smith* v. *Brown* stands good, notwithstanding the inaccuracy above pointed out.  On page 279 this same inaccuracy is repeated, so far as the language of Justice Lumpkin may be understood as intending to convey the idea that there had been no legislation on the subject of entering attachment levies on execution dockets.  He said: "As to levies upon land under writs of attachment, there is, as stated above, no provision (as in the case of executions) for rendering the constructive seizure complete by an entry upon a docket kept for public inspection.  Such a provision could, of course, have been made; and if it had been, it would not, perhaps, be necessary for the officer to enter upon the land at all, but the entry of his levy upon the process and upon the public docket might suffice."  We think, however, that the real conclusion sought to be expressed in the words just quoted, viz: that there was no provision for rendering (relatively to defendants in attachment) "the constructive seizure complete by an entry upon a docket kept for public inspection:" was correct, notwithstanding the fact that the act of 1890 was then in force. It will be observed that, at best, it was only intimated that an entry of a levy upon a public docket, under a statute, *might* suffice as notice of the levy to the defendant in attachment.  It was not stated that it *would* suffice for this purpose, and we are clear it cannot do so when the statute itself most plainly declares, in effect, that nothing it contains shall affect the rights of the defendant in attachment.                    *Judgment affirmed.*