## McCRORY *v.* HALL.

It was the right of a claimant, after the plaintiff in execution had put in evidence the fi. fa. levied, the same being on its face apparently regular and valid, to introduce testimony for the purpose of showing that this fi. fa. was issued upon a special judgment purporting to have been rendered in a case begun by the levy of an attachment upon land therein described, that there had been no lawful levy of the attachment, and that as a consequence the judgment was void. This testimony if uncontroverted, and the validity of the judgment depended upon that of the levy, would have been pertinent as laying the foundation for a motion to dismiss the levy; or, if disputed, it would have been competent as affording a basis for invoking instructions to the jury for their guidance in case they found it true.

Argued April 28, — Decided May 28, 1898.

Levy and claim. Before Judge Butt. Talbot superior court. September term, 1897.

*Jesse J. Bull* and *C. J. Thornton*, for plaintiff in error.
*Thomas R. R. Cobb* and *Rosser & Carter*, contra.

LITTLE, J. Hall sued out an attachment against certain land as the property of J. T. McCrory, and in the attachment proceedings obtained a judgment subjecting the land. Upon this judgment a fi. fa. was issued on the 20th day of September, 1893. This fi. fa. was, on January 29, 1895, levied by the sheriff on the land described therein; and to this levy a claim was interposed by L. B. McCrory. On the trial of the claim

case, the plaintiff in execution introduced in evidence the fi. fa. and the levy, which levy was in the following language: "Georgia, Talbot County. I have this day levied the within fi. fa. upon the following property, to wit: on lot of land No. 63, the same lying and being in the 23d district of Talbot county, Ga., containing two hundred, two and one half acres, more or less; levied on as the property of the defendant James T. McCrory; pointed out in fi. fa.," etc. The plaintiff also introduced a deed from the defendant in execution to the plaintiff, conveying the land levied on, and a deed from the plaintiff to the defendant, reconveying the land. The claimant then offered to prove by the sheriff, that at the time he levied the attachment, he did not enter upon and seize the land, or give the defendant in attachment or the tenant in possession notice of the levy. The plaintiff in execution objected to the introduction of this evidence; the court sustained the objection and excluded the testimony. The claimant then offered in evidence a certified copy of the affidavit and bond in the attachment case, together with the levy, for the purpose of showing that no notice of the levy was given to the defendant or to the tenant in possession, and no legal seizure made by the levying officer. Upon objection interposed by the plaintiff, the court also excluded this evidence; and no other testimony being offered by the claimant, the trial judge directed a verdict for the plaintiff, and the claimant by bill of exceptions assigns error upon the ruling of the court excluding the evidence above mentioned, and also upon the action of the trial judge in directing a verdict for the plaintiff. The sole question, therefore, to be considered by this court is, whether or not the trial judge committed error in excluding the testimony offered, because his action in directing a verdict would be either proper or improper accordingly as that question may be determined.

It has been expressly ruled by this court, that it is essential to the validity of a judgment rendered in an attachment case that the defendant in attachment should have notice of the proceeding; for without notice the attachment laws of this State would be of no force and effect, because violative of paragraph 3, section 1, article 1 of the bill of rights embodied in the constitution of

this State (Civil Code, § 5700), wherein it is declared that "No person shall be deprived of life, liberty, or property, except by due process of law." *Smith* v. *Brown*, 96 *Ga.* 274. In that case, however, it was ruled that: "Actual notice by personal service is not indispensable, but the requirements of the constitution are met by provision for constructive notice. Our attachment laws doubtless contemplate that this kind of notice will result from a seizure of the defendant's property, on the idea that from such seizure he will be sure to gain information of the pending attachment proceedings." Where, however, there has not been actual notice to the defendant, and constructive notice by seizure is relied upon, there must be a legal seizure. As was said in the case above referred to, "the levy of an attachment, to be effectual as notice of a pending suit, must amount, in a legal sense, to a seizure of the defendant's property." The court is not called upon, in view of the questions presented in this record, to define what in law would amount to a legal seizure of land under the levy of an attachment. The claimant offered to prove that the levying officer neither entered upon and seized the land, nor gave the defendant in attachment, or the tenant in possession, notice of the levy. If this be true, then the court was without jurisdiction to render judgment in the attachment proceeding, the defendant could in no sense be deemed to have had his day in court, and the judgment thus rendered was void. *Smith* v. *Brown*, supra; *New England Mortgage Security Company* v. *Watson*, 99 *Ga.* 733. The judgment rendered in the attachment proceeding, being void, was open to collateral attack. It would not be binding on the defendant in attachment; and it is now well settled by adjudications of this court, that a claimant may attack an execution for any reason which the defendant in execution could urge against it at the time of the trial of the claim case. *New England Mortgage Security Company* v. *Watson*, supra, and authorities cited on page 735.

It is clear from the authorities cited, that when the plaintiff in execution put in evidence the fi. fa. which on its face was apparently regular and valid, the claimant had a right to introduce testimony tending to show that the fi. fa. was issued

upon a judgment purporting to have been rendered in a case begun by the levy of an attachment upon land, that the officer levying the attachment had neither made a seizure of the land, nor given notice of the levy to the defendant in attachment nor his tenant in possession, and that as a consequence the judgment was void and the levy of the execution issued thereunder unavailing. This testimony, if undisputed, would have been pertinent as laying the foundation for a motion to dismiss the levy; or, if controverted, it should have been admitted and the issue of fact thus raised submitted to the jury, with proper instructions from the trial judge touching the legal effect of their finding in case such finding should be in favor of the claimant on the issue thus made.

The trial judge having erred in rejecting the testimony, it follows that he also erred in directing a verdict for the plaintiff; and the cause is therefore remanded for a new hearing.

*Judgment reversed. All the Justices concurring.*