## BAKER *v.* AULTMAN & COMPANY.

1. The mere fact that an officer made an entry of levy upon an attachment and did nothing else is not sufficient to constitute a valid levy upon a tract of land, though the same be vacant and unoccupied, and thus give to a non-resident owner the necessary notice of the proceeding. There must be something which in legal contemplation is the equivalent of an actual seizure of the property, in order to constitute such notice and give the court jurisdiction to render a judgment against the owner in an attachment case of this kind.

2. After such failure on the part of the officer to give legal notice, a statement, made to the owner of the land by the attorney of the plaintiff in attachment, to the effect that the land had been seized under attachment proceedings and that the same were pending, is not such notice as will give the court jurisdiction.

Argued March 24,— Decided April 22, 1899.

Illegality.    Before  Judge  Fite.    Catoosa superior court. April 26, 1898.

*R. J. & J. McCamy*, for plaintiff in error.
*Payne & Payne* and *J. H. McLean*, contra.

SIMMONS, C. J.    C. Aultman & Company sued out an attachment against Baker, a non-resident of the State, and the sheriff made an entry of levy upon the attachment.    It appears that the sheriff did not go upon the land or seize it or do any other act which would indicate that he had taken possession of it.    The plaintiff's attorney wrote out the form of the entry of levy upon the attachment, and this was signed by the sheriff in a town seven miles distant from the land levied upon. There was no effort made by the sheriff to give Baker any sort of notice.    The only notice it is claimed he received was that the plaintiff's attorney met him in the city of his residence and informed him of the attachment and levy.    Judgment was rendered against the land, and it was advertised to be sold by the sheriff.    Thereupon Baker filed an affidavit of illegality, upon the ground that he had never been served in the action, that he had never appeared and pleaded nor authorized any one to do so for him, that he had never waived service, and that he had never had any notice of the pendency of the attachment.    On the trial of the illegality, when these facts were made to appear, the court directed a verdict against the illegality.

1. We think the court erred in directing a verdict against the illegality.    In order to constitute a valid levy of an attachment upon land in this State and to give the necessary notice to the non-resident owner, the officer must do some act which shows that he has seized the property and exercised dominion over it, — some act that is sufficient to put the owner or his tenant upon notice that the officer has seized the land

and is in possession of it. Otherwise, the court acquires no jurisdiction over such land. The levy of the attachment is the commencement of the suit against the non-resident, and there must be something done by the officer to give the owner constructive notice that such a suit is pending, before the court acquires jurisdiction to render judgment. There must be a seizure of the property, and the seizure must be such as to affect the owner with notice of the levy. Without it the court has no jurisdiction, and can not proceed to judgment against either the defendant or his property. The law must provide in some way for notice to the defendant, so that he may appear and plead; otherwise it would be taking his property without due process of law. The question now under consideration has been fully discussed and decided by this court in the cases of *Smith* v. *Brown*, 96 *Ga.* 274, *New England etc. Co.* v. *Watson*, 99 *Ga.* 733, and *McCrory* v. *Hall*, 104 *Ga.* 666; and it is useless to further elaborate the subject, except to say that the levy of an attachment, being the commencement of the suit, is different from the levy of an execution founded upon a judgment against the owner of the property levied upon. All that is necessary in the latter case is for the sheriff to make his entry upon the fi. fa., and give notice to the tenant in possession. This is, in this State, a legal levy; for the defendant has already had his day in court and has suffered the judgment to go against him. The levy of an attachment is quite different. Such levy is generally the notice of the suit, and the statute does not provide for any other or further notice to the owner of the property. If he be a non-resident and his land is unoccupied, simply making an entry of levy could give him no notice of the pending proceedings.

2. We think that the notice given Baker by the plaintiffs' attorney in Chattanooga, Tenn., was not sufficient. The notice required to be given is, in our opinion, to be given by an official act which will affect the owner with constructive notice of the seizure of the property. The statement of the attorney to Baker was not such an official act as would give the court jurisdiction. Counsel for defendant in error relied upon the case of *Steers & Co.* v. *Morgan*, 66 *Ga.* 552. The facts of that

case were different from those shown here.   In that case it appears that the attachment was levied and a garnishment served upon parties indebted to Steers & Co.   The garnishment seized and impounded the property in the hands of the garnishees. This was an official act, and was in itself sufficient notice ; for by reason of the garnishment founded upon the attachment the property was seized.   Besides, the garnishees gave actual notice that the property had been held up in their hands.   The court held that the notice was sufficient to put the defendants. upon inquiry as to the attachment proceedings.

*Judgment reversed.   All the Justices concurring.*