## TUELLS v. TORRAS.

1. A writ of error in an injunction case will not be dismissed upon the ground that the act sought to be enjoined has been completed, when the evidence offered by the defendant in error in support of his motion to dismiss is controverted in any way by the opposite party.
2. The master of a ship has such a special property in the vessel and cargo that he may bring an action in his own name, either at law or in equity, against one who wrongfully interferes with his possession of either.
3. When the master of a ship causes the same to be seized under an attachment in his own favor against the owner, such conduct will authorize the owner to terminate the employment; but until the employment is terminated by the owner, the master continues to represent him with reference to the vessel and its cargo, and may assert the rights of the owner against any one wrongfully interfering with either.
4. It is essential to the validity of the levy of an attachment issued against a non-resident, that the entry of levy should show that the property was levied on as that of the defendant in attachment; and this is so whether the property be realty or personalty. In the absence of such a return, the court has no jurisdiction to order a sale of the property under the attachment.

Argued May 1,—Decided May 23, 1901.

Motion for rehearing denied July 16, 1901.

Petition for injunction. Before Judge Bennet. Glynn superior court. March 2, 1901.

*Atkinson & Dunwody* and *Spencer R. Atkinson*, for plaintiff.
*Crovatt & Whitfield, Hoke Smith & H. C. Peeples*, for defendant.

COBB, J. Aurelio, Tuells filed a petition to enjoin Rosendo Torras from unloading, from the Cuban brig " Pablo," lying at Brunswick, Georgia, a cargo of lumber which the plaintiff had received at that port for shipment to Santa Cruz, Teneriffe; and from otherwise interfering with the plaintiff's possession of the vessel or the cargo. Plaintiff alleged that he was the master of the ship and as such was entitled to the possession of the vessel and the cargo. The court refused an injunction, and the plaintiff excepted. From the evidence introduced at the hearing it appeared that the defendant had purchased the vessel from Padrosa, who bought the same at a sale had under an order of the court passed pending the hearing of an attachment which had been sued out by Padrosa against Gonzalez, the former owner of the vessel, on the ground that he was a non-resident of the State. The defendant offered in evidence the officer's entry of the levy of this attachment. This entry did not state

that the vessel was levied on as the property of the defendant in attachment, and did not state anything as to his interest in it. The plaintiff objected to the admission of the return in evidence, on the ground that the levy was void in consequence of these omissions from the return. The objection was overruled, and the plaintiff excepted. There was no offer on the part of the defendant to amend the return, though the levying officer was sworn as a witness and testified that he levied on the vessel as the property of the defendant in the attachment.

1. A motion was made to dismiss the writ of error, on the ground that the act sought to be enjoined, namely, the removal of the cargo from the vessel, had been completed; no supersedeas having been granted by the trial judge. The prayer of the petition was that the defendant be enjoined not only from removing the cargo, but from otherwise interfering with petitioner's possession of either the vessel or the cargo. In support of the motion to dismiss, the affidavits of the defendant in error and of two others, each of which affidavits contained a statement that the removal of the cargo had been completed, were filed. In response to the motion counsel for plaintiff in error denied in open court the statements of fact contained in the affidavits. Upon this statement by the counsel, the motion to dismiss the writ of error was overruled. Even conceding that the statements made in the affidavits showed prima facie that all of the acts which the plaintiff sought to have restrained had been completed, these statements were denied; and this court will not determine the issue of fact thus raised. If the judge refuses to grant an injunction to prevent the commission of a given act, and the refusal to grant the injunction is brought to this court, no supersedeas of the judgment having been obtained, and it appears to the satisfaction of this court, by uncontroverted evidence, that the act sought to be enjoined has been completed, the writ of error will be dismissed. If an issue of fact is raised as to this matter between the parties to the case, the writ of error will not be dismissed. This is the rule which is deducible from the former decisions of this court. In *Atlanta R. Co.* v. *Blanton*, 80 *Ga.* 563, the fact that the act sought to be enjoined had been fully completed was not denied. This was true also in *Thornton* v. *Investment Co.*, 97 *Ga.* 342, as well as in *Cranston* v. *Bank*, 97 *Ga.* 406. In *Henderson* v. *Hoppe*, 103 *Ga.* 684, it was ruled that where in response to a

motion to dismiss the writ of error a counter-affidavit was filed, which, while not in terms admitting the statements made in the affidavit of the defendant in error, did not deny them, the writ of error would be dismissed. When it is shown prima facie to the satisfaction of this court that the act sought to be enjoined has been completed, and, in response to the motion to dismiss, the plaintiff either admits the existence of the fact as claimed by the defendant in error, or fails to deny the existence of the same, the writ of error will be dismissed. But when the existence of the fact is in any way denied, either by affidavit of the party or his counsel, or by statement of counsel in open court, the motion to dismiss will be overruled.

2. It is contended that the judge properly refused to grant the injunction in this case, for the reason that the plaintiff, not being the owner of the vessel or the cargo, had no right to bring an action in his own name. The petition distinctly alleged that the plaintiff was the master of the vessel, and from the uncontradicted evidence it appeared that he was the duly appointed master of the vessel. The master of a ship "is treated not as ordinary agent, but, as in some sort, and to some extent, clothed with the character of a special employer or owner of the ship, and representing, not merely the absolute owner (*dominus navis*), but also the temporary owner, or charterer for the voyage (*exercitor navis*). In short, our law treats him as having a special property in the ship, and entitled to the possession of it, and not as having the mere charge of it, as a servant. On this account he may bring an action of trespass for a violation of that possession." Story, Ag. (8th ed.) § 116. "The master's general agency for the owners in relation to the ship, and his special property in her and her cargo and freight, authorize him to bring, in his own name, actions which the owners have in relation to the ship, her cargo or freight." Bened. Ad. Pr. (3d ed.) § 384. See also 1 Cyclopedia of Law & Procedure, 851. If the master of a ship has a right to bring an action at law to recover possession of the ship from a wrong-doer, there seems to be no good reason why he should not have a right to bring a suit in equity if his rights as master can not be fully protected without the aid of the equity powers of the court.

3. It is contended, however, that even if it be admitted that the plaintiff was the duly appointed master of the ship, he has aban-

doned the ship and the voyage by causing an attachment to be issued in his favor and levied upon the ship for wages due him and the mate. When the master of a ship causes the vessel to be seized under a process against the owner issued in his own name and at his instance, he does an act which is inconsistent with his employment and duties as master; and this act would be a sufficient reason for the owner to terminate his employment as master. Budge *v.* Mott, 47 Wis. 611. But the right to treat such an act as terminating the employment is in the owner, and until he sees fit to terminate the employment, others must recognize the master as the duly appointed agent of the owner. The doing of an act by the master of a ship which is inconsistent with his employment as such does not of itself terminate the relation which he sustains to the owner, but the same continues until the owner takes advantage of the right, which the law gives him, to put an end to the master's employment. Certainly, one who is wrongfully interfering in any way with the ship or its cargo will not be heard to deny the right of the master to protect both the vessel and the cargo in the interest of the owner, at least until the latter has expressed his intention of dispensing with the services of the master. The plaintiff in the present case had not only the right but it was his duty to protect the vessel and the cargo against the defendant, if he was a wrong-doer, in order that the rights of the owner might be preserved. Whether the master will be allowed to proceed with an action in his own name in behalf of the owner, and at the same time with a proceeding in his own name against the owner, is a question to be settled by the owner, and one which a person who is a wrong-doer both against the owner and the master as his representative can not raise. If the owner sees proper to permit the master to sue him and at the same time to sue for him, it is certainly no concern of any one else, especially a wrong-doer.

4. According to some of the text-writers, there is a very decided conflict among the courts as to whether it is essential that the return of the officer to the levy of an attachment should show that the property was levied on as that of the defendant therein. See Drake, Att. (7th ed.) § 207; 1 Wade, Att. § 144. Dr. Waples says the general rule is, that "the fact that the property was seized as that of the defendant should plainly appear, if not definitely stated;" that should the return fail to state this fact, but aver that the at-

tachment was made in obedience to the writ, it will be implied that
the property was seized as that of the defendant; and that such
failure could be cured by amendment. The author states further
that there is no important conflict among the authorities; and he
seeks to harmonize the decisions by the statement, that if the stat-
ute makes it "sacramental" that the officer must definitely state
that the property belongs to the defendant, he must comply; other-
wise, no direct statement is necessary, if there is shown a substan-
tial obedience to the writ. Waples, Att. (2d ed.) § 314. We shall
not stop to inquire whether the conclusion of the learned author
with respect to the unanimity of the decided cases is correct or
not, as we are of opinion that our statute is mandatory with regard
to this matter. Section 5421 of the Civil Code provides as follows:
"The officer making a levy shall always enter the same on the proc-
ess by virtue of which such levy is made, and in such entry shall
plainly describe the property levied on, and the amount of the in-
terest of the defendant therein." It has been held, under authority
of this section, that where the return of the officer states that the
property was levied on as that of a named person, and it appears
from the record that such person is not the sole owner, a sale of the
interest of such person under the levy will be enjoined. *Simms*
v. *Phillips*, 51 *Ga*. 433, 436. If the failure of the return to state
the "amount of the interest" of the defendant in the property would
invalidate the levy, certainly the failure to state that any interest
whatever of the defendant was sought to be reached by the levy
would have the same effect. The section of the code quoted has
been treated as being applicable to the levy of an attachment (*Hiles*
v. *King*, 109 *Ga*. 181); and it has been directly ruled by this court
that such an omission in the return of the levy of an attachment
on real estate against a non-resident would invalidate the levy, and
confer upon the court to which the attachment was made returnable
no jurisdiction to enter a judgment against the defendant therein.
*New England Mortgage Co.* v. *Watson*, 99 *Ga*. 733, 735 (3). It
has been suggested that there might be a difference as to this matter
between attachments against realty and those issued against person-
alty, on the idea that when an attachment is levied on personalty
the actual property is seized and taken into the officer's custody,
whereas in the case of real estate a constructive seizure is sufficient.
It is to be noted, however, that in this State more strictness in this

regard is required in cases of the levy of attachments upon real estate than in those of ordinary executions.   The levy of an attachment upon realty against a non-resident is the commencement of the suit against him, and the officer must do some act which is sufficient to put the owner or his tenant upon notice that he has seized the land and is in possession of it.   *Baker* v. *Aultman,* 107 *Ga.* 339.   We have been unable to find that any distinction as to the contents of the officer's entry of levy has been drawn between the two classes of property.   The following cases distinctly rule that the levy of an attachment upon personal property is void if the officer's return fails to state that the property was levied on as the property of the defendant.   Clay *v.* Neilson, 5 Rand. (Va.) 96; Anderson *v.* Scott, 2 Mo. 15; Newton *v.* Strang, 48 Mo. App. 538.   It having been settled in the case cited above, in the 99 *Ga.,* that the levy of an attachment against a non-resident would be invalid if the return failed to state that the property was seized as that of the defendant, we do not feel disposed to hold, in view of the authorities, that the rule is not applicable to the levy of an attachment upon personalty. In the present case there was nothing whatever on the face of the return to indicate whose property was seized; and conceding that this omission might have been supplied by amendment, no offer to amend was made.   The parol testimony that the property was in fact attached as that of the defendant will manifestly avail nothing in the absence of an offer to amend the return.   The return is the sole evidence of what the officer has done in regard to the levy, and on it sufficient facts must appear to give the court jurisdiction.   As the court was without jurisdiction in the attachment case to order a sale of the property, the sale was a nullity and the defendant acquired no title by virtue thereof.

*Judgment reversed.   All the Justices concurring.*

### APPLICATION FOR A REHEARING.

After the judgment in this case was rendered and before the remittitur was transmitted to the court below, the defendant in error filed a motion for a rehearing.   After a careful examination of the grounds of the motion and of the record in the light thereof, we have reached the conclusion that the judgment as rendered was correct, and therefore that the motion for a rehearing must be de-

nied.    A brief reference to the several grounds of the application will be made, and our reasons for overruling the same will be stated. It is contended that the judgment rendered is based upon the assumption that the uncontradicted evidence showed that Tuells was master of the vessel at the time he filed the petition, while in fact there was a conflict on this point.    We do not think that the judge could have held otherwise, under the evidence, than that Tuells was, at the time he filed the petition, authorized to act as master of the vessel, and as such to assert any right which he might have as master in behalf of himself, the owner, or others interested in the vessel and her cargo.    It is conceded that the uncontradicted evidence showed that Tuells was the duly appointed master of the vessel.    It is claimed, however, that there was testimony from which the judge could have found that his connection with the vessel had ceased.    We can find no evidence whatever showing that Gonzalez had ever expressly discharged Tuells from his position as master, nor is there any evidence that Torras as the authorized agent of Gonzalez had expressly discharged Tuells.    It is true that Torras in his answer, which was used as an affidavit, says that "the entire crew as well as the master were discharged from any and all connection with said vessel long prior to the filing of his said petition;" and in an affidavit says that "prior to said sale he was the authorized agent of Gonzalez in and about the said vessel, that the crew and the master were discharged and ceased to perform any of their duties, and had no longer any connection with said vessel and its cargo," and that after the sale he entered into quiet, peaceable, and exclusive possession of the vessel, and was in possession at the time of the filing of the plaintiff's petition and the levy of the attachment in his favor.    We think the statement in the answer and affidavit of Torras, that Tuells was discharged as master, is merely a conclusion of the affiant, and a conclusion which is not authorized by the evidence in the case.    There is no evidence whatever, as has been stated, that Tuells was ever expressly dismissed from his position as master either by Gonzalez or Torras as his authorized agent.    If he had been so dismissed by either, the fact would no doubt have been established by direct evidence, and the matter would not have been left, to say the most of it, in its present equivocal shape.    Taking the evidence in the case as an entirety, no other conclusion could properly be reached than that Tuells was

still master of the vessel, notwithstanding his possession had been interfered with and his right to assert his authority as master denied by Torras and others, who certainly were not at all times acting in the interest of the owner of the vessel.

A rehearing is asked upon the further ground that the court did not pass upon the question as to whether Tuells as the representative of Gonzalez was estopped from raising any question as to the validity of the entry of levy which was held to be void. In reference to this ground of the motion it is sufficient to say that nowhere in the pleadings in the case was an estoppel set up, nor was this question presented to the court when the case was argued here, although we could not have considered it if it had been presented, for the reason that the question is not raised in the pleadings.

In reference to those grounds of the motion for a rehearing which ask a reconsideration of those questions which were expressly passed upon when the judgment was rendered, we can only say that we are satisfied with the conclusions reached, and see no reason for changing them in any way.

*Motion for rehearing denied. All the Justices concurring.*