SHARP, administrator, *v.* HALL.

LUMPKIN, J. 1. Where an attachment was sued out against a non-resident, and an entry of levy on realty was made by the sheriff, but he did not state in such entry that the property was levied on as that of the defendant, such levy was invalid and did not furnish a basis for a judgment against the property. *New England ·Mortgage Co.* v. *Watson*, 99 *Ga.* 733 (3), 735 (27 S. E. 160) ; *Baker* v. *Aultman*, 107 *Ga.* 339 (33 S. E. 423, 73 Am. St. R. 132) ; *Tuells* v. *Torras*, 113 *Ga.* 691 (39 S. E. 455) ; *Albright* v. *Pacific Co.*, 126 *Ga.* 498 (2), (3), 500 (55 S. E. 251, 115 Am. St. R. 108).

(*a*) The fact that the sheriff included in his entry of levy the words, "written notice given defendant," was not sufficient to render the levy valid. *Hiles Carver Co.* v. *King*, 109 *Ga.* 180 (34 S. E. 353).

2. The uncontradicted allegations and evidence showed the following, among other facts: An attachment was sued out against a non-resident, and an entry of levy on certain land was made by the sheriff, without stating that it was levied on as the property of the defendant. Subsequently a judgment in attachment was rendered, to be made of the property described in the above-mentioned levy. Another levy was made, and the land was brought to sale under the execution based on the judgment. The defendant in attachment was present at the sale, and knew that the property was to be sold, and that it was sold under the execution. He made no objection to it. It was bought by the plaintiff in the attachment case, a deed was made to him by the sheriff, and the amount of the bid, less costs, was entered as a credit on the execution. The defendant in the execution made an arrangement with the plaintiff, by which the latter gave to him five days to pay what was due and all costs, and, if he should do so, the plaintiff agreed to make him a deed. The defendant failed to raise the money necessary for that purpose, and the plaintiff sold the property to another person for value, and placed the purchaser in possession. The purchaser testified, without conflict, that he bought the land without notice that there was any claim on the part of the defendant that the sale was irregular or void, though he stated that he saw the defendant and his brothers on the land on the day on which he bought it. More than two years after this, the former defendant in the attachment suit

brought suit to have the sheriff's deed declared void, and to recover the land from the purchaser, who was in possession. *Held,* that he was estopped from asserting the invalidity of the sale; and the verdict was properly directed in favor of the defendant before the court (the former plaintiff in attachment not having been served).

3. There was no error in rejecting from evidence an affidavit of illegality interposed to a levy of the execution (which levy was made on other land, after the sheriff's sale mentioned in the preceding headnote, and on the same date as that of the deed from the purchaser at such sale to the purchaser under him), and the verdict and judgment sustaining such affidavit.                    *Judgment affirmed. All the Justices concur.*

MAY 10, 1916.

Action to recover land.    Before Judge Wright.    Floyd superior court.    July 13, 1915.

*Sharp & Sharp, W. M. Henry,* and *H. M. Reed,* for plaintiff.
*M. B. Eubanks,* for defendant.