## BANK OF CUTHBERT *v.* MARTIN.

1. The judgment excepted to in this bill of exceptions was one dismissing the levy of a mortgage execution based upon a mortgage executed by a receiver whose authority to execute the mortgage was brought in issue by the petition in the case; and the court properly admitted in evidence a petition by the receiver to be appointed such, as it tended, when considered in connection with other facts in the evidence, to show that the receiver was without authority to execute the mortgage which is the basis of the fi. fa. sought to be enforced.

2. The mother of three minors was appointed receiver of the property at a time when there were guardians of the property of these minors in office. Shortly thereafter, without service upon the minors or their guardians, she obtained an order from the judge of the superior court

to mortgage this property, and upon the granting of the order she executed a mortgage accordingly; and a fi. fa based upon the mortgage, duly foreclosed, was issued and levied upon the property which had formerly been that of the minors, and a claim thereto was interposed. At the conclusion of the evidence the judge dismissed the levy. *Held,* that the dismissal of the levy was not error, the mortgage upon which it was based having been executed by a person without authority to do so.

No. 2321.   June 18, 1921.

Claim. Before Judge Worrill. Early superior court. October 9, 1920.

*E. L. Smith,* for plaintiff.   *Glessner & Collins,* contra.

Beck, P. J.   A mortgage fi. fa. in favor of the Bank of Cuthbert and against Mrs. W. F. Madden as receiver for Mary Ellen Brown, Kathleen Brown, and Louis Brown, was levied on a certain described lot of land; and Eugene Martin interposed a claim. Upon the trial of the case the plaintiff introduced in evidence the mortgage execution, together with the mortgage, the foreclosure proceedings and entry of levy; a certified copy of a petition by Mrs. Madden as receiver, addressed to the superior court of Calhoun County, praying leave to mortgage lands belonging to her minor children, accompanied by an order passed by the judge of that court at chambers, granting her leave to do so; and evidence that the defendant in execution was in possession of the premises described in the mortgage fi. fa., at the time of the execution of the mortgage upon which the fi. fa. was based. After introducing this evidence the plaintiff rested. The claimant introduced the following evidence: Application to the judge of the superior court of Calhoun County, filed by Mrs. W. F. Madden, October 22, 1913, to be appointed receiver of the property of her children; record of proceedings in Calhoun superior court, under which Mrs. Madden assumed to act as receiver of her three minor children; record of proceedings in the court of ordinary of Raldolph County, granting administration on the estate of Dr. E. H. Brown, the father of these minors; and record of proceedings in the court of ordinary of Calhoun County, showing that there were guardians of the property of the Brown children at the time their mother, Mrs. Madden, applied to the judge of the superior court of that county to be appointed receiver to manage their estate. At the conclusion of the evidence the court, upon motion of the claimant's counsel, dismissed the levy, and the plaintiff excepted.

1. The court did not err in admitting in evidence a petition by Mrs. Madden to be appointed receiver of the property of her children, filed October 22, 1913, notwithstanding the petition for authority to borrow money recited that she had been appointed receiver of certain property, October 3, 1913. There is a discrepancy in the dates; but if Mrs. Madden was actually appointed receiver under a different application, this could have been shown by the plaintiff and should have been shown; with such evidence of service, etc., upon the minors as would have given validity to the proceedings. It does not appear that the petition of Mrs. Madden for appointment as receiver was served upon any one, or that process was prayed, or that any service was deemed necessary.

2. Nor did the court err in dismissing the levy in this case. Under the evidence submitted upon the trial, the court which granted the order to Mrs. Madden as receiver to execute the mortgage upon which the fi. fa. in question here was based was without authority or jurisdiction to pass such order. It was granted at chambers, and purported to authorize the mortgaging of a legal estate in property belonging to minors, for whom there were guardians in office at the time of the execution of the mortgage and the filing of the petition. At least, it is shown by uncontroverted evidence that there were guardians in office for two of the minors, and there is evidence from which it is inferable that there was also a guardian for the remaining minor. Whether or not, upon proper application and service upon the minors and their guardians, the court would have been authorized at chambers to grant an order allowing an execution of a mortgage upon the property, it is not necessary here to decide; nor is it necessary to decide whether Mrs. Madden could, in the first instance, have been appointed receiver upon filing a proper petition, followed by service upon those to be affected by such appointment. We are merely deciding the question presented,— that is, whether the receiver of the property of minor children, appointed under a petition which does not appear to have been served on the minor children or their guardian, and which contained no prayer for service or for the appointment of a guardian ad litem, could be granted authority at chambers, upon a petition therefor, without service upon the minors or their guardian, to mortgage the property, where the minors were vested, not with an equitable, but a

legal title; and that question, we have answered in the negative. In view of decisions by this court upon analogous questions no further discussion of the question here involved is required. See, in this connection, the following cases: *Webb* v. *Hicks,* 117 *Ga.* 335 (43 S. E. 738); *Hill* v. *Printup,* 48 *Ga.* 452; *East Rome Town Co.* v. *Cothran,* 81 *Ga.* 359 (8 S. E. 737); *Knapp* v. *Harris,* 60 *Ga.* 398; *Osborne* v. *Rice,* 107 *Ga* 281 (33 S. E. 54).

When it appeared under the evidence that the order to mortgage the property was granted without authority to do so, it necessarily followed that the mortgage fi. fa. was not a valid lien upon the property; and the claimant, by a motion to dismiss the levy, could insist upon this defect. *New England Mortgage Co.* v. *Watson,* 99 *Ga.* 733 (27 S. E. 160); *McCrory* v. *Hall,* 104 *Ga.* 666 (30 S. E. 881).

*Judgment affirmed. All the Justices concur.*