PERKINS, administrator, *v.* FARMERS BANK OF DOERUN.

ATKINSON, J.  1.  Where an owner of realty dies and the property of the estate is in the possession of the administrator for the purpose of administration, the undivided interest of an heir at law in the real estate is subject to levy and sale under a fi. fa. based on a judgment in favor of his creditor against him. Civil Code (1910), § 3929; *Pitts* v. *Hendrix,* 6 *Ga.* 452 (1); *James G. Wilson Manufacturing Co.* v. *Chamberlin-Johnson-DuBose Co.,* 140 *Ga.* 593 (2) (79 S. E. 465); *Shipp* v. *Gibbs,* 88 *Ga.* 184 (14 S. E. 196); *Wilkinson* v. *Chew,* 54 *Ga.* 602; *Gibbons* v. *International Harvester Co.,* 146 *Ga.* 467 (91 S. E. 482); *Torbit* v. *Jones,* 145 *Ga.* 610 (89 S. E. 696); 17 R. C. L. 164, § 64, note 1.

(*a*) This ruling does not conflict with the decision of this court in *Clarke* v. *Harker,* 48 *Ga.* 596, which involved the levy of a fi. fa. on an *equitable interest* of a devisee under a will.

(*b*) Accordingly, where on the trial of a case based on a statutory claim interposed by the administrator upon the "estate of Mary J. and Eliza Perkins, deceased," to a levy of a judgment fi. fa. against W. L. Perkins upon a one-seventh undivided interest in described land as the property of the defendant, the judge did not err, under uncontradicted evidence introduced by both sides, in directing a verdict finding the property subject to the fi. fa. The evidence showed all that is stated above; and further, that the land at the date of the levy was in possession of the administrator for the purpose of administration; that the only debt of the deceased was for funeral expenses which had been reduced to judgment; that the intestate owned the land at the time of death; that there were seven heirs at law, of whom the defendant in fi. fa. was one; and that the administrator had an order of court authorizing the sale of the land for the purpose of paying debts.

2.  The verdict was: "We, the jury, find the property levied upon subject to the fi. fa., and subject further to any equitable distribution among the tenants in common for expenses of the estate of Mary and Eliza Perkins." *Held,* that the verdict is not void, as contended, on the ground that it is vague and indefinite. That portion which finds "the property levied upon subject to the fi. fa." is clear and definite. The

remaining portion, "and subject further to any equitable distribution among the tenants in common for expenses of the estate of Mary and Eliza Perkins," properly construed, means that the one-seventh interest in the land should remain subject to its proportionate part of the debts due by the estate of the intestate.

*Judgment affirmed. All the Justices concur.*
No. 3624. NOVEMBER 27, 1923.

Claim. Before Judge W. E. Thomas. Colquitt superior court. January 18, 1923.

*DeLoache & Roddenbery,* for plaintiff in error.

*James L. Dowling,* contra.

