*S. P. Cain, P. C. Andrews,* contra.

---

### 15726.　UNITED PROVISIONS CORPORATION *v.* BOARD OF MISSIONS, etc.

BELL, J. 1. Where, in an attachment case, "there has not been actual notice to the defendant, and constructive notice by seizure is relied upon, there must be a legal seizure." *McCrory* v. *Hall*, 104 *Ga.* 666, 668 (30 S. E. 881). "The seizure must be such as to affect the owner with notice of the levy. Without it the court has no jurisdiction, and can not proceed to judgment against either the defendant or his property" *Baker* v. *Aultman*, 107 *Ga.* 339 (1), 341 (33 S. E. 423, 73 Am. St. Rep. 132). "Some overt act of constructive seizure by the levying officer is essential to the validity of the levy of an attachment upon real estate" (*Groover* v. *Melton*, 2 *Ga. App.* 269, 58 S. E. 488) —"some act that is sufficient to put the owner or his tenant upon notice that the officer has seized the land and is in possession of it." *Baker* v. *Aultman*, supra.

2. Accordingly, where an attachment was issued against a nonresident defendant who owned in a county of this State two parcels of land acquired by different deeds from different grantors and separated from each other by a public road, one of them described in the deed as containing four acres bounded by the public road on the north, and the other described in like manner as containing thirty acres bounded by the public road on the south, and where there was no levy upon the four-acre tract, and the only effort at service of the attachment was an attempted seizure of the thirty-acre tract, but where there was no actual entering upon the land by the levying officer, and the only seizure relied upon was the posting by the officer of a notice upon a building situated on the four-acre tract, declaring a levy to have been made on the thirty-acre tract, and a request by the levying officer to "some boys"

at work upon the four-acre tract that they notify the defendant's temporarily-absent agent of what the officer had done, and that they not molest the notice, and there was never any actual notice to the defendant or its agent, and the defendant did not appear and plead, or otherwise waive notice of the proceeding, judgment and execution in the plaintiff's favor upon such attachment were null and void.

3. The above facts appearing without dispute, the court did not err in directing a verdict in favor of the affidavit of illegality.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 16, 1924.

Illegality of execution; from city court of Waynesboro—Judge W. H. Davis. April 30, 1924.

*H. C. Hatcher,* for plaintiff.

*E. V. Heath,* for defendant.