16347.   NIX *v.* CITIZENS BANK OF MOULTRIE.

JENKINS, P. J.  1. In order to give a court jurisdiction of an attachment, there must be a sufficient affidavit, a levy and seizure of the property, and a proper entry of the levy and seizure. *Albright-Pryor Co.* v. *Pacific Selling Co.*, 126 *Ga.* 498 (55 S. E. 251, 115 Am. St. Rep. 108); *Tuells* v. *Torras,* 113 *Ga.* 691 (4) (39 S. E. 455); *New England Mortgage &c. Co.* v. *Watson,* 99 *Ga.* 733 (2) (27 S. E. 160).

2. In order to support the jurisdiction of a court as to a purchase-money attachment, the affidavit must describe the property in such way as to indicate what property is to be levied upon. In the instant case the affidavit for a purchase-money attachment described the property as "45023 feet of pine board, lumber located on the grounds of Corbett Planing Mill in the city of Nashville, Ga." It not only does not appear that the lumber referred to constituted all of the lumber of like kind and character then and there located, but the affidavit as amended affirmatively shows that such was in fact not the case. Accordingly, such description is insufficient to support a legal levy of the attachment.

3. In the trial of a claim case, where the claimant moved to dismiss the levy in attachment founded on a special judgment in rem, because of such a deficient affidavit, the court was without jurisdiction to permit the affidavit in the other proceeding, between different parties, to be amended. See *Brooks* v. *Winkles,* 139 *Ga.* 732 (78 S. E. 129). But

even if such an amendment so allowed could be here considered, since the special judgment in the attachment proceeding (there being no general judgment prayed for) was dependent upon a previous valid affidavit, an amendment to the affidavit would not relate back so as to render such a special judgment in rem valid. The jurisdiction of the court in rendering such special judgment in attachment was dependent upon the validity of the proceeding had prior thereto. *Albright-Pryor Co.* v. *Pacific Selling Co.*, 126 *Ga.* 498, 501, 502 (55 S. E. 251, 115 Am. St. Rep. 108).

4. Moreover, the judgment dismissing the levy in attachment should be affirmed for the additional reason that the entry of levy does not disclose that the property was levied on as the property of the defendant. *Tuells* v. *Torras*, 113 *Ga.* 691 (39 S. E. 455); *Sharp* v. *Hall*, 145 *Ga.* 171 (1) (88 S. E. 929), and cases there cited.

*Judgment affirmed. Stephens and Bell., JJ., concur.*

Decided November 16, 1925.

Levy and claim; from city court of Nashville—Judge W. R. Smith. February 18, 1925.

*P. T. Knight, Jeff. S. Story,* for plaintiff.
*Dewey Knight, Erle B. Askew,* for defendant.