## 17894. LANE *v.* BRADFIELD.

PER CURIAM. 1. It is well settled by the decisions both of this court and of the Supreme Court that "some overt act of constructive seizure is essential to the validity of the levy of an attachment upon real estate." *Groover* v. *Melton,* 2 *Ga. App.* 269 (58 S. E. 488), and cit. See also *United Provisions Corp.* v. *Board of Missions,* 33 *Ga. App.* 9 (124 S. E. 820). It is true that a vested remainder in realty is subject to levy under a common law execution (*Shipp* v. *Gibbs,* 88 *Ga.* 184,

Attachment, 6 C. J. p. 204, n. 58; p. 221, n. 32; p. 222, n. 36; p. 233, n. 95, 96.
Executions, 23 C. J. p. 335, n. 55.
Notice, 29 Cyc. p. 1118, n. 47.

14 S. E. 196; *Perkins* v. *Farmers Bank of Doerun,* 156 *Ga.* 841, 120 S. E. 528); and assuming, without deciding, that it may also be subject to attachment if capable of such a seizure as to affect the remainderman with notice, yet since the life-tenant is in possession, and the possession, use, and enjoyment of the property by the remainderman is postponed until the death of the life-tenant, no act of the levying officer in seizing and taking possession of the property can amount to notice to the remainderman. *New England Mortgage Co.* v. *Watson,* 99 *Ga.* 733 (3) (27 S. E. 160); *Baker* v. *Aultman,* 107 *Ga.* 339 (33 S. E. 423, 73 Am. St. R. 132). It follows that an entry of levy upon an attachment reciting such a seizure and taking possession should not be treated as a valid seizure as against a remainderman.

2. Irrespective of whether written notice to the remainderman or other person as his agent could supply the deficiency in such seizure and the entry thereof, it is not enough to show that a letter containing the notice was sent to the defendant remainderman by the levying officer by registered mail and was receipted for by a third person purporting to act for the defendant but whose authority to do so does not appear (*Wilber Stock Food Co.* v. *Wesley,* 14 *Ga. App.* 179, 80 S. E. 677); and a second like notice sent by the attorney for the plaintiff and receipted for by the defendant in person, subsequently to the return term of the attachment, would also be ineffectual as affording legal notice of the attachment. The notice must be at least official (*Baker* v. *Aultman,* supra), and must be made prior to the return term of the levy. *Albright-Pryor Co.* v. *Pacific Selling Co.,* 126 *Ga.* 498 (6) (55 S. E. 251, 115 Am. St. R. 108).

3. Nor is the life-tenant in possession the agent of the remainderman for the purpose of receiving written notice of the levy of the attachment. *Pool* v. *Morris,* 29 *Ga.* 374 (74 Am. D. 68).

4. It follows that the court erred in overruling the defendant's motion to dismiss the attachment.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.     Bell, J., dissents.*

DECIDED NOVEMBER 18, 1927.

Attachment; from city court of LaGrange—Judge Tuggle. January 5, 1927.

On July 22, 1926, J. L. Bradfield procured an attachment against J. L. Lane on the ground of non-residence, returnable to the September term, 1926, of the city court of LaGrange, and the sheriff made the following return: "I have this day levied the within attachment upon one seventh remainder interest in the following described property [description of property]. Said remainder interest in said land levied on under said attachment in favor of J. L. Bradfield against J. L. Lane as the property of J. L. Lane by going upon the land, by seizing and taking posses-

sion of the same and serving·written notice personally upon the life tenant in possession Mrs. M. J. Lane and mailing notice by registered mail to the defendant J. L. Lane,  .  .  receiving a return receipt card dated July 26, 1926, which is hereby attached, and further mails a notice on October 29, 1926, and returned receipt card Nov. 1, 1926, which is hereto attached." The first receipt card referred to in the above entry and attached to the same was dated July 26, 1926, and signed "J. L. Lane by G. Dewey." The second receipt was signed by the defendant Lane in person, but was dated on November 1, 1926, and appears to have been in response to a like notice mailed to the defendant by E. T. Moon, plaintiff's attorney, and not by the sheriff.

The defendant made a special appearance and moved to dismiss the attachment upon grounds as follows: "That although the return of the sheriff of Troup county purports to show a levy of said attachment upon an undivided one seventh remainder interest in certain property described in said levy, that as a matter of fact and as a matter of law, there has been no legal seizure of any property belonging to the defendant in attachment, J. L. Lane, within the jurisdiction of this court, and that as a matter of law, the acts of the sheriff in purporting to levy said attachment as set out in his return do not constitute a legal seizure of said remainder interest, and there being no property belonging to the defendant legally seized in this proceeding, this court has no jurisdiction, and said attachment should be dismissed." The court overruled the motion to dismiss, and the defendant excepted.

*Lovejoy & Mayer,* for plaintiff in error.

*E. T. Moon, R. W. Marlin,* contra.

BELL, J., dissenting. I can not concur in the conclusion reached in the first division, nor in the judgment of reversal. An undivided interest in a vested remainder in realty is subject to levy under a common-law execution, and since the code provides that an attachment against a debtor may be levied upon *any property* of the defendant, real or personal, to be found in the State, such remainder interest in realty is also subject to attachment. Civil Code (1910), §§ 5060, 5061, 5075, 5078. The real crux of the case under consideration is whether a vested remainder in realty is capable of such a seizure as to affect the remainder-

man with notice. While the remainder in question was such that the defendant's use and enjoyment of the property was postponed until the death of a life-tenant, who in the meantime held and was entitled to hold possession, and while the life-tenant may not be treated as the tenant or agent of the remainderman, still the presumption is that a person will so overlook his own property and will keep himself so informed with regard thereto as to become apprised of a seizure of the character appearing in this case, notwithstanding he is not in possession and his right of possession may not accrue until the happening of some future event. *McCrory* v. *Hall,* 104 *Ga.* 666, 668 (30 S. E. 881), citing *Smith* v. *Brown,* 96 *Ga.* 274 (23 S. E. 849). Thus, such a seizure, even as to the defendant remainderman, will sufficiently meet the rule that "some overt act of constructive seizure by the levying officer is essential to the validity of the levy of an attachment upon real estate." *Groover* v. *Melton,* 2 *Ga. App.* 269 (supra) ; *Miller* v. *Swilley,* 24 *Ga. App.* 278 (100 S. E. 641) ; *United Prov. Corp.* v. *Board of Missions,* 33 *Ga. App.* 9 (supra) ; 6 C. J. 204, and cit.

I do not dissent from the conclusions stated in the second and third divisions, but think that written notice to the defendant or other person could not affect the matter and that questions in reference to such notice are irrelevant. *Guernsey* v. *Reeves,* 58 *Ga.* 290 (1) ; *Tillman* v. *Fontaine,* 98 *Ga.* 672 (27 S. E. 149) ; *Tuells* v. *Torras,* 113 *Ga.* 691 (4) (39 S. E. 455) ; Civil Code (1910), § 6026. I am of the opinion that the defendant's remainder interest was subject to attachment and that the record shows a valid execution of the writ. I therefore think the judgment should be affirmed.