29336. OLIVER *v.* PARRAMORE, executor.

DECIDED JANUARY 30, 1942.

*R. A. Patterson, Hooper, Hooper & Miller,* for plaintiff in error. *Olin Hammock, A. B. Conger,* contra.

BROYLES, C. J. 1. "It is well settled by the decisions both of this court and of the Supreme Court that 'some overt act of constructive seizure is essential to the validity of the levy of an attachment upon real estate.' *Groover* v. *Melton,* 2 *Ga. App.* 269 (58 S. E. 488), and cit. See also *United Provisions Cor.* v. *Board of Missions,* 33 *Ga. App.* 9 (124 S. E. 820). It is true that a vested remainder in realty is subject to levy under a common-law execution *(Shipp* v. *Gibbs,* 88 *Ga.* 184, 14 S. E. 196; *Perkins* v. *Farmers Bank of Doerun,* 156 *Ga.* 841, 120 S. E. 528); and assuming, without deciding, that it may also be subject to attachment if capable of such a seizure as to affect the remainderman with notice, yet since the life-tenant is in possession, and the possession, use, and enjoyment of the property by the remainderman is postponed until the death of the life-tenant, no act of the levying officer in seizing and taking possession of the property can amount to notice to the remainderman. *New England Mortgage Co.* v.

*Watson,* 99 *Ga.* 733 (3) (27 S. E. 160); *Baker* v. *Aultman,* 107 *Ga.* 339 (33 S. E. 423, 73 Am. St. R. 132). It follows that an entry of levy upon an attachment reciting such a seizure and taking possession should not be treated as a valid seizure as against a remainderman." *Lane* v. *Bradfield,* 37 *Ga. App.* 395 (140 S. E. 417).

2. Nor is the life-tenant in possession of the land, nor his tenant actually occupying the land, the agent of the remainderman for the purpose of receiving written notice of the levy of the attachment. *Pool* v. *Morris,* 29 *Ga.* 374 (74 Am. D. 68); *Lane* v. *Bradfield,* supra.

3. Irrespective of whether written notice to the remainderman could supply the deficiency in such seizure and the entry thereof, the agreed statement of facts in this case shows that the remainderman received no written notice whatever and "was entirely ignorant of the fact that any attachment had been sued out." It was also stipulated in the agreed statement of facts that "the levying officer did not put out a sign of levy upon the land."

4. "A claimant may attack an execution for any reason which the defendant in execution could urge against it at the time of the trial of the claim case. *Robinson* v. *Schly & Cooper,* 6 *Ga.* 529; *Bradford* v. *Water Lot Co.* 58 *Ga.* 282. See also *Horne* v. *Powell,* 88 *Ga.* 639 (15 S. E. 688). If the judgment was void because the defendant in the judgment had never had his day in court, the defendant could make that point at any time; and so could the claimant." *New England Mortgage Security Co.* v. *Watson,* 99 *Ga.* 733, 735 (27 S. E. 160).

5. Applying the above-stated rulings to the facts of this case, neither the defendant in execution nor the claimant was concluded by the judgment against such defendant. And in the present claim case a verdict for the claimant was demanded; and the court, sitting without the intervention of a jury, erred in rendering a judgment in favor of the plaintiff in fi. fa.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*