35   229
c126  502

ROBERT A. ALSTON, plaintiff in error, vs. VOLNEY DUNNING, defendant in error.

*Summons of garnishment, founded on attachment, may issue after the return Term of the attachment, and without additional affidavit and bond.*

Certiorari.   In Fulton Superior Court.   Decided by Judge WARNER.   October Term, 1866.

Alston sued out an attachment against the Adams Express Company, returnable to the March Term of a Justices Court. It was levied upon two wagons, and a claim was interposed by the Southern Express Company.   It was further executed by serving Dunning and two others, each with summons of garnishment, returnable to the same Term.   These garnishments were, at said Term, to-wit, on the 9th of March, dismissed by the Court for insufficient service.   Thereafter, to-wit, on the 26th of March, the plaintiff in attachment, without making any further affidavit or bond, sued out on the same attachment, new summons of garnishment returnable to the April Term of said Court, and addressed to the same garnishees.

At June Term a verdict was rendered in favor of the plaintiff against the defendant in attachment, and the same jury tried the claim case and found the wagons not subject.

At July Term, the garnishees moved to dismiss these second garnishments, on the ground that such could not legally issue. The Court overruled the motion, and Dunning, one of the garnishees, carried his case, by Certiorari, to the Superior Court, all parties consenting that the other cases should abide the result of his.

In the Superior Court, the Certiorari was sustained; the Court holding that the magistrates should have dismissed the second garnishments, because issued without affidavit and bond, as in cases *pendente lite.*

This is the ruling complained of.

MYNATT, for plaintiff in error.

HAMMOND & SON, for defendant.

WALKER, J.

We think the Court erred in holding that, after the appearence term of an attachment, the plaintiff must sue out a summons of garnishment as in cases *pendente lite*, i. e. make. out a new affidavit, give new bond, etc. We apprehend that the error occurred in construing the 3215 *Section of the Code.* That section makes it the duty of the officer issuing an attachment, on request of the plaintiff, to issue summons of garnishment returnable " *at the Court* to which the a tachment is made returnable." We do not think that these words make the summons necessarily returnable at the *term* of the Court to which the attachment is made returnable; but intended to compel the plaintiff to bring the garnishee into the same Court, where the attachment is pending. If this be not the correct view of the statute, it may be a question, whether a summons of garnishment can be issued at all, in an attachment case, after the appearance term; for sections 3461–2 of the *Code* might, perhaps, be construed to apply to cases *in personem* only. Without expressing any opinion on this point, however, we will say, we can see no good reason for requiring the plaintiff to make a second affidavit and bond in a case like this. The condition of the attachment bond, *Sec.* 3190, and the condition of the garnishment bond, *Sec.* 3462, are substantially the same. The defendant, then, can sustain no injury, because he has, in the attachment bond, the security which the law gives him under the garnishment bond, against the wrongful suing out of the summons of garnishment.

Again, the plaintiff shall not have judgment against the garnishee until he has obtained judgment against defendant; *Code, Sec.* 3471. This summons was returnable to the judg-

ment term of the attachment, and was as early as a judgment could have been rendered against the garnishee any how.

Judgment reversed.