## ALBRIGHT-PRYOR CO. *v.* PACIFIC SELLING CO.

1. "In order for the court to obtain jurisdiction of the defendant, he must not only have been served in the manner pointed out by law, but there must be a legal return of such service."

2. In cases of attachment where no personal judgment is sought the levy takes the place of service.

3. When an attachment is issued against two defendants and is levied

upon property, and the entry of levy simply describes the property as the property of the defendant, such an entry is insufficient as a basis for a judgment on the attachment against either of the defendants.

4. When an attachment has been issued against a non-resident and executed by service of summons of garnishment, the court is without jurisdiction to render a judgment on the attachment, until it appears from the answer of the garnishee that property or effects of or a debt due the defendant, within the jurisdiction, have been seized under the garnishment.

5. The entry of a levy of an attachment upon personal property is amendable, but the amendment will not relate back and make valid a judgment rendered on the attachment, entered at a time when no legal levy appeared to have been made.

6. In attachment cases the jurisdiction of the court depends upon the proceedings prior to the return term. If no property of the defendant has been seized or a levy made or summons of garnishment issued prior to that time, all subsequent proceedings are invalid.

7. A motion to set aside a judgment is amendable by the addition of grounds other than those taken in the original motion.

Argued May 25,—Decided August 17, 1906.

Motion to set aside judgment.    Before Judge Reid.    City court of Atlanta.    October 25, 1905.

On October 28, 1904, Albright-Pryor Co. sued out an attachment against the Pacific Selling Co., a non-resident corporation, and Thos. Roberts & Co., a non-resident partnership, claiming an indebtedness of $1,000. This attachment was levied by serving summons of garnishment upon three railroad companies, and "also by levying on the following property as the property of defendant: 50 cases of canned salmon, contained in Southern car No. 24425," etc. The attachment was returnable to the January term of the city court of Atlanta, which begins on the first Monday in January. At the time none of the railroad companies answered the summons of garnishment.    On January 25, 1905, the attachment was further levied by serving summons of garnishment upon the Atlanta National Bank. On February 24, 1905, the plaintiff filed its declaration in attachment. At the March term, which was the trial term, the Atlanta National Bank answered, admitting possession of $1,538.60 belonging to the Pacific Selling Co.; and as the latter company failed to answer the suit, a judgment was rendered against it on April 14, 1905. On May 29, 1905, the Pacific Selling Co. filed a motion to vacate the judgment against it, upon the ground that no jurisdiction had been obtained against the movant by levy

upon any of its property. It was alleged in the motion, that the salmon levied upon was not the property of movant, but was the property of Roberts & Co.; that no property of movant was seized by the garnishment upon the railroad companies; and that on the first Monday in January, 1905, the date on which the attachment was returnable, no property of movant had been seized. It was also alleged that while the attachment was sued out for $1,000, the petition showed an indebtedness of only $900, and the judgment should be vacated upon this ground. It was further alleged, by amendment, that the entry of the constable, wherein it appeared that he levied upon the canned salmon "as the property of the defendant," was void for uncertainty, there being two defendants. To the motion and amendment the plaintiff filed general and special demurrers, which were overruled. An answer was also filed, denying the material allegations of the motion. The levying officer, who had been made a party, offered to amend his entry so that it would appear that the canned salmon had been levied on as the property of the Pacific Selling Co. This amendment was disallowed. After a hearing, the judgment was vacated as prayed. Albright-Pryor Co. excepted to each of the rulings stated.

*Moore & Pomeroy,* for plaintiff.

*J. W. Moore* and *George Gordon,* for defendant.

COBB, P. J. (After stating the foregoing facts.)

1. To authorize a judgment against a person who has not appeared and answered or otherwise submitted himself to the jurisdiction of the court, there must be not only service upon such person but also a legal return of such service. Until service has been made and a legal return entered, the court is without jurisdiction to enter judgment against a defendant who has not appeared. *Wood* v. *Callaway,* 119 *Ga.* 801, 803, and cases cited.

2. In attachment cases the levy takes the place of service. When no steps have been taken in an attachment case to acquire jurisdiction of the defendant's person, and he has not appeared and answered or otherwise submitted himself to the jurisdiction of the court, the court is without jurisdiction to render a judgment until there has been a lawful seizure of property owned by him within the jurisdiction of the court, and then only after a lawful return of such seizure has been duly entered. *Tuells* v. *Torras,* 113 *Ga.* 691(4).

3. It is essential to the validity of the levy of an attachment issued against a non-resident that the entry of levy should show that the property was levied on as the property of defendant in attachment; and this is so whether the property be realty or personalty. Drake on Attachments (7th ed.), § 449. In the absence of such a return the court has no jurisdiction to render a judgment in the case. *Tuells* v. *Torras,* supra. When an execution against several defendants is levied, it is essential to the validity of the levy that the entry should disclose to which of the defendants the property seized belonged. A mere general levy upon the property without describing it as the property of the defendant is invalid, and a sale thereunder will not divest the title of the real owner of the land. *Cooper* v. *Yearwood,* 119 *Ga.* 44. It necessarily follows from what was laid down in the decision cited, that when an attachment against two defendants is levied, and the entry of levy simply shows that certain property was seized as the "property of the defendant," not disclosing which defendant was referred to, the levy fails to disclose a valid seizure of the property of either defendant, and is insufficient as the basis of a judgment on the attachment. There being, at the time that the judgment on the attachment in the present case was rendered, no entry of levy other than the one above described, the judgment was void, it not appearing from the entry of levy that any property of the defendant against whom the judgment on the attachment was rendered had been seized, and the court was therefore without jurisdiction.

4. It is said that the judgment is authorized, because there was an entry of service of garnishment upon three railroad companies, and the garnishees had not answered, and that the judgment was valid, and would be operative upon any property that would thereafter be disclosed by the answer of such garnishees. The garnishees not having answered, it was impossible at the time the judgment was rendered to determine whether any property of either of the defendants had been seized, and until this fact appears the court is without jurisdiction to render the judgment. *Henry* v. *Lennox-Haldeman Co.,* 116 *Ga.* 9.

5. The levy having been upon personal property and the entry therefore being mere evidence of seizure and not the seizure itself, it is amendable. The jurisdiction of the court depending upon both the seizure and the entry, the amendment would not relate

back so as to render the judgment valid. The case of *Jones* v. *Bibb Brick Co.*, 120 *Ga.* 321, was not an attachment case, and in addition to this the motion to set aside the judgment showed affirmatively that the garnishee had been properly served.

6. But it is said that the summons of garnishment issued against the bank resulted in an answer disclosing assets in the hands of the bank belonging to the defendant against whom the judgment in attachment was rendered, and therefore the court had jurisdiction to render the judgment. The code declares that when affidavit and bond to obtain garnishment have been given, summons of garnishment may issue from time to time before trial, without giving any additional bond. Civil Code, § 4709. In *Alston* v. *Dunning*, 35 *Ga.* 229, it was held that summons of garnishment founded on an attachment may issue after the return term of the attachment without additional affidavit and bond. In that case the attachment was levied upon certain personal property of the defendant, and was also executed by service of summons of garnishment, all of this being done before the return term. The garnishments were subsequently dismissed, and after the return term new summons issued directed to the same garnishees. The jurisdiction of the court depends upon the proceedings had prior to the return term. Waples on Attachment (2d ed.), § 295; Drake on Attachments (7th ed.), § 451(b) ; 1 Wade on Attachment, § 128; 2 Wade on Attachment, § 336; Nance v. Barber (Tex.), 26 S. W. Rep. 151. If there has been no seizure of the property of the defendant before the return term, the court is without jurisdiction in the matter, and all subsequent proceedings are invalid. Hence when the court had failed to acquire jurisdiction at the return term, summons of garnishment issued after that time would be invalid. It would be otherwise, however, if the court had acquired jurisdiction. In the case' above cited, in 35 *Ga.*, the validity of the attachment was not brought into question, and therefore the decision can not be treated as authority for the proposition that a seizure of personal property before the return term, which is claimed by a third person and the claim subsequently sustained, would give the court jurisdiction to render a judgment on the attachment. If there has been a levy upon tangible personal property under the attachment and before the return term, the court would have jurisdiction to render a judgment on the attachment, provided the legal return of such levy was

made before the return term, or thereafter entered nunc pro tunc before the judgment. If the attachment has been executed by serving summons of garnishment, it is of course not essential to jurisdiction that the fact that effects of the defendant have been seized under the garnishment should appear before the return term. But the jurisdiction of the court is in abeyance until the fact that there are effects in the hands of the garnishee appears by answer, or by judgment on a traverse to the answer. If the court acquires jurisdiction before the return term as a result of a seizure under levy of tangible personal property, judgment may be so entered that it will operate upon funds thereafter brought in under answers of garnishees. *Steers* v. *Morgan,* 66 *Ga.* 552. The seizure of the personalty would give the court jurisdiction to render an absolute judgment as to the property so seized, and a provisional judgment as to that which might thereafter be brought in under proceedings against the garnishees. However, if the attachment is executed by service of summons of garnishment only, then no judgment can be rendered until it is made to appear to the court that the effects of the defendant have been seized under garnishment proceedings. In the present case the court did not acquire jurisdiction as to the property levied on, for the reason that there had been no legal entry of the levy prior to the judgment. At the time the judgment was rendered it did not appear from the answer of the garnishees who had been summoned to answer at the return term that any of the effects of the defendant were in their hands. The validity of the garnishment sued out after the return term depending upon the jurisdiction of the court having been acquired before the return term, the court was without authority to enter judgment on the answer of such garnishee, until it appeared from the answer of the other garnishees whether such jurisdiction had been acquired.

7. An amendment was offered to the motion to set aside the judgment, in which other grounds were added to the motion. Objection was made to this amendment, on the ground that it added a new cause of action. We do not think the law prohibiting the addition of new causes of action by amendment has application to a proceeding of this character, and the court did not err in allowing the amendment.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*