24624. FAMILY FINANCE COMPANY *v.* DOWNING *et al.*

GUERRY, J. Where an attachment has been sued out returnable to a certain named term of court, and at such term it appears that the attachment has never been levied in any of the ways provided by law, such attachment is at an end. "If there has been no seizure of the property of the defendant before the return term, the court is without jurisdiction in the matter, and subsequent proceedings are invalid." *Albright-Pryor Co.* v. *Pacific Selling Co.*, 126 *Ga.* 502 (55 S. E. 251, 115 Am. St. R. 108). The court having failed to acquire jurisdiction at the return term, levy made or summons of garnishment issued after that time would be invalid. An ordinary suit where no service has been had at the return term may be held in court by an order to perfect service, where the plaintiff has been diligent. *Branch* v. *Mechanics Bank*, 50 *Ga.* 413; *Brunswick Hardware Co.* v. *Bingham*, 110 *Ga.* 526 (35 S. E. 772). "In attachment cases, where no personal judgment is sought, the levy takes the place of service, and the levy of the attachment prior to return term is requisite to the jurisdiction of the court." *Hendricks* v. *Georgia Fertilizer Co.*, 40 *Ga. App.* 428 (149 S. E. 711). The officer's return of the attachment writ is the foundation of the court's jurisdiction. *McReynolds* v. *Colclough*, 146 *Ga.* 696 (3) (92 S. E. 206). It follows, no return on the writ having been made at the return term, that the court was without jurisdiction in the premises. The breath of life had de-

parted, and there can be no resurrection by amendment. The court should have dismissed the attachment, which had not been levied before the return term. It was not proper to allow the attachment to be amended and made returnable to another term. The action of the court, after allowing such an amendment, dismissing the attachment, was therefore proper, and the appellate division of the municipal court did not err in affirming this action.

Judgment affirmed. *Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JULY 26, 1935. REHEARING DENIED SEPTEMBER 20, 1935.

*George F. Fielding,* for plaintiff.
*Noah J. Stone,* for defendants.

