### 42368. PETERSON et al. v. GENERAL SHOE CORPORATION.

PANNELL, Judge. On March 29, 1963, an attachment was issued against a nonresident of this state returnable to the May term of the Superior Court of Houston County. On April 3, 1963, summons of garnishment was issued and served on Southern Discount Company and in response thereto on May 6, 1963 (the first day of the May term) an answer was filed admitting indebtedness to the defendant in attachment. A declaration in attachment was filed May 8, 1963, containing a prayer for judgment in rem against the funds caught by garnishment. On January 7, 1964, during the November, 1963, term (the August term of said court having intervened) the attachment was levied on certain real estate. On January 17, 1964, the declaration was amended by praying also for judgment in rem against the real estate levied upon. On January 24, 1964, no defense being filed to the declaration, judgment in rem was entered against the funds and the real estate on which execution issued on October 5, 1965. On November 10, 1965, the defendant in attachment and a claimant to the real estate levied on filed a motion to set aside the judgment, in so far as it pertained to the real estate, based primarily on the ground that the levy on the real estate being made after the time the atachment was returnable to the superior court the attachment was void. No mention of the levy of the attachment by garnishment was made in the motion. Demurrers, both general and special, of the plaintiff in attachment to the motion to set aside the judgment were overruled.

The plaintiff in attachment then filed its motion for summary judgment on April 13, 1966, to which the defendant in attachment filed an answer and prayed for a grant of summary judgment in his behalf. The only evidence consisted of matters appearing on the face of the record and affidavits reciting the matters appearing on the face of the record. The trial court sustained the motion of the plaintiff in attachment for summary judgment and denied the motion of the defendant for summary judgment. An appeal was entered in this court complaining of both rulings. *Held:*

1. A motion for summary judgment does not lie in a case except it be upon "a cause of action, a cross-action, set off or recoupment or to obtain a declaratory judgment," or some part thereof. Sections 1 and 2 of the Act approved March 17, 1959 (Ga. L. 1959, p. 234; *Code Ann.* §§ 110-1201, 110-1202). However, where, as in the present case, a motion to set aside a judgment was made, a decision on which depends entirely on matters appearing on the face of the record in the case, the decision of the trial judge sustaining the motion for summary judgment thereon as to one party and the denial of summary judgment as to the other party, will be considered as passing upon the motion itself.

2. The attachment having been levied, by summons of garnishment, and returned to the proper court, and the declaration in attachment having been filed within 30 days after the filing of answer admitting indebtedness by the garnishee (*Code* § 8-117, as amended by Sec. I of the Act of 1962 (Ga. L. 1962, pp. 520, 521; *Code Ann.* § 8-117)) there was a valid attachment pending in the Superior Court of Houston County. *Albright-Pryor Co. v. Pacific Selling Co.*, 126 Ga. 498 (55 SE 251, 115 ASR 108); *Family Finance Co. v. Downing*, 51 Ga. App. 750 (181 SE 492).

3. Additional summons of garnishment may be issued and additional levies made after the return of the attachment to the proper court and prior to judgment. See *Alston v. Dunning*, 35 Ga. 229; *Marsh v. Phillips & Co.*, 77 Ga. 436; *Ahrens & Ott Mfg. Co. v. Patton &c. Bldg. Co.*, 94 Ga. 247 (2) (21 SE 523). Where the issuance and service of a summons of garnishment or a levy on property is made for the purpose of a return of the attachment, and the validity of the attachment depends on such levy or summons, the service of such

summons or the levy on the property must occur prior to the return of the attachment.

4. The attachment being returnable to the superior court and directed to all and singular the sheriffs and constables of this state (*Code* § 8-116) the constable was authorized to make the levy on the real estate. *Code* §§ 8-201, 8-202; *Wade & Co. v. Stout*, 36 Ga. 95. *Code* § 24-1413 prohibiting constables from levying on land unless there is no personal property to be found to satisfy the debt, and requiring an entry to that effect on the execution relates to justice court executions. See *Robinson v. Burge*, 71 Ga. 526 (1).

5. Inasmuch as the record discloses that the levy of the attachment on the real estate was not necessary to the validity of the attachment because of the prior levy by garnishment, which prior levy did not appear in the motion to set aside the judgment, a different question is raised from that raised by the overruling of the demurrers to the motion to set aside the judgment, and the law of the case established by such ruling is not controlling.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

SUBMITTED OCTOBER 4, 1966—DECIDED JANUARY 11, 1967.

*Miller, Miller & Miller, Wallace Miller, Jr.,* for appellants.
*Spencer & Armitage, Paul C. Armitage,* for appellee.

