28087. KITSON v. HAWKE et al.

SUBMITTED JULY 13, 1973 — DECIDED SEPTEMBER 20, 1973 —
REHEARING DENIED OCTOBER 4, 1973.

*Waldman & Marger, James E. Spence, Jr., Herbert S. Waldman,* for appellant.

*Moore & Chambliss, Saxby C. Chambliss, Smith, Gardner, Wiggins, Geer & Brimberry, Peter Zack Geer,* for appellees.

GRICE, Presiding Justice. In this appeal the constitutionality of the Georgia attachment statutes (Code § 8-101 et seq.; Ga. L. 1799, Cobb 69; 1855-6, p. 25) is challenged.

The case emanated on May 17, 1972, when John R. Hawke appeared in the Small Claims Court of Colquitt County and swore out an attachment on behalf of Airspeed International Sales, Inc. against John P. Kitson and American Airspeed, Inc., Ltd., swearing that Kitson and American Airspeed were indebted to Airspeed International Sales in the amount of $5,000 and that "the debtor is causing his property to be removed beyond the limits of the State." A $10,000 bond was posted and the attachment proceeding was filed in the Superior Court of Colquitt County.

The next day a deputy sheriff of Colquitt County levied this attachment on a described twin engine Piper Seneca aircraft owned by Kitson which was stored in a hangar at the Moultrie-Thomasville Airport.

On May 19, 1972, another attachment alleging that the same defendants were indebted to Airspeed International Sales, Inc., Airspeed International, Inc. and Euramericair, Inc. was filed by an attorney representing these corporations. However, no property was ever levied on and this attachment proceeding was dismissed by the attorney on May 23, 1972.

On May 26, 1972, the appellee Hawke amended his affidavit and attachment, increasing the amount of the alleged indebtedness from $5,000 to $31,231, raised the amount of the bond to $20,000 and filed a "Declaration of Attachment" itemizing the indebtedness claimed to be due. This attachment was levied upon

the same aircraft on May 30, 1972.

Subsequently, the defendants filed responsive pleadings and on August 3, 1972, filed a motion to dismiss the attachment and levy, and a motion to increase the attachment bond.

The motion to dismiss contained three grounds.

The first was based upon paragraph 14 of the answer to the declaration of attachment, which alleged that the original affidavit, bond and attachment were illegally attested, approved, issued and acted upon by the judge of the small claims court because he was simultaneously acting as counsel for the plaintiffs in violation of Code § 24-101; that the purported supplemental affidavit, attachment and cash bond, and the attachment issued and levy made on May 30, 1972, were illegal, void and nugatory because of the invalidity of the original proceedings; and that the declaration of attachment was likewise void and nugatory for the same reason and also because it was never served upon either defendant as provided by Code Ann. § 8-601 or Code § 8-602, or in any legal manner, and neither defendant made a general appearance in this regard.

The second paragraph of the motion asked that the court increase the plaintiffs' bond, if it did not set the attachment aside, because the bond was wholly inadequate in that: (1) Code § 8-111, which requires the party seeking an attachment bond to give bond in the maximum amount of $20,000 in order for an attachment to issue against the defendant in attachment, as compared to Code § 8-701, which requires the defendant in attachment to give bond in order to replevy his property levied upon conditioned upon paying the amount of the judgment and costs, is a denial of due process of law and equal protection of law in that the bond required of the defendants in this case subjects them to a higher and more severe bond than that required of the plaintiffs in violation of Article I, Section I, Paragraphs II and III of the Georgia Constitution and the Fifth and Fourteenth Amendments to the United States Constitution (Code §§ 1-805, 1-815), and that Code § 8-111 is therefore unconstitutional; and (2) that for the above reasons and since the bond given under Code § 8-111 is only for $20,000 and the defendants have been sued for the sum of $31,231 and have a good defense to the action, said bond is insufficient and should be increased to double the amount of the debt sued upon in order to pay to defendants the costs and damages that may be incurred.

The third paragraph sought for Code § 8-111 to be declared

unconstitutional based upon the grounds set forth above.

An order was issued by the trial court reciting that after a hearing "on the question of increasing the statutory bond heretofore posted by plaintiffs," a new bond in the amount of $31,000 with a good surety thereon was to be posted within 14 days, in addition to the $20,000 bond previously posted. An extension of time for posting the additional bond was subsequently granted, the plaintiffs' motion for rehearing on the amount of the attachment bond was denied and on September 8, 1972, the additional bond was filed as ordered.

On March 28, 1973, a motion of the plaintiffs to dismiss the defendants' motion to dismiss was heard. Upon this hearing the defendants urged that "the attachment statutes of the State of Georgia" were unconstitutional because they did not provide for prior notice nor allow an opportunity to challenge the issues of the attachment prior to seizure of the property, relying upon the cases of Fuentes v. Shevin, 407 U. S. 67 (92 SC 1983, 32 LE2d 556), and Sniadach v. Family Finance Corporation, 395 U. S. 337 (89 SC 1820, 23 LE2d 349). The trial court issued an order denying both motions to dismiss "on each and every ground set forth therein," and certified the question for immediate review.

Upon appeal the defendants enumerate in essence the following errors: (1) that Title 8 of the Code of Georgia should have been found to be violative of the Fourth and Fifth Amendments to the United States Constitution (Code §§ 1-804, 1-805) as applied to Georgia by the Fourteenth Amendment (Code § 1-815 ), in that it allows the unreasonable seizure of property and provides for the deprivation of property without a prior judicial determination and thus without due process of law; (2) that the court erred in failing to dismiss the original attachment as a violation of Code Ann. § 24-102; and (3) that the court erred in extending the time within which the plaintiffs could post an additional bond.

■ In our view, the trial court did not err in holding that Title 8 of the Code of Georgia does not violate the Fourth Amendment to the United States Constitution (Code § 1-804) by allowing the unreasonable seizure of property.

The appellant contends that the Fourth Amendment protection, which was previously applied only to criminal cases, has now been extended to civil actions as well. See e. g., Camara v. Municipal Court, 387 U. S. 523 (87 SC 1727, 18 LE2d 930); See v. City of Seattle, 387 U. S. 541 (87 SC 1737, 18 LE2d 943); Blair v. Pitchess, 486 P2d 1242, 1251.

This court is asked to declare the Georgia attachment statutes unconstitutional because probable cause for the issuance of the attachment was not present here.

However, the appellant has made no showing whatever that the judicial officer who issued the attachment did so without probable cause. Therefore, this contention has no evidentiary foundation.

The appellee Hawke, on the other hand, attested that the appellant was causing the property sought to be attached to be removed beyond the limits of the state. This is one of the six grounds specified in Code § 8-101 as cause for attachment to issue. Since attachment of a person's property is allowed only in such limited situations it cannot be said that the Georgia statutes permit an unreasonable seizure.

This enumeration is without merit.

■ The appellant also argues that the Georgia attachment statutes as applied to non-resident plaintiffs and defendants are unconstitutional in that they violate the due process requirements of the United States Constitution (Code § 1-805).

In this regard, the record reveals that the appellant Kitson is a citizen of the United States residing in Birmingham, England; that American Airspeed, Inc., Ltd., is an English corporation with its office and principal place of business in Birmingham, England; and that the appellee Hawke is an English citizen residing in Fort Lauderdale, Florida.

As we view this question, it is controlled by the decision of Ownbey v. Morgan, 256 U. S. 94, 111 (41 SC 433, 65 LE 837), wherein the Supreme Court of the United States upheld the constitutionality of the Delaware attachment statutes. The court stated that "a property owner who absents himself from the territorial jurisdiction of the State, leaving his property within it, must be deemed *ex necessitate* to consent that the State may subject such property to judicial process to answer demands made against him in his absence, according to any practicable method that reasonably may be adopted. A procedure customarily employed, long before the Revolution, in the commercial metropolis of England, and generally adopted by the states as suited to their circumstances and needs, cannot be deemed inconsistent with due process of law . . ."

Moreover, the recent cases of Sniadach v. Family Finance Corporation, 395 U. S. 337, supra, and Fuentes v. Shevin, 407 U. S. 67, supra, do not stand for the proposition that *every* summary proceeding is a denial of due process, as contended by the appellant.

Indeed, the Ownbey case is cited in Sniadach as authority for the statement that "summary procedure may well meet the requirements of due process in extraordinary situations." 395 U. S. 337, 339. In Fuentes, the Court stated that these situations, however, must be truly unusual, such as when "there has been a special need for very prompt action." Justice Stewart noted that the Ownbey case "involved attachment necessary to secure jurisdiction in a state court — clearly a most basic and important public interest." 407 U. S. 67, 91 (Fn. 23).

Code § 8-101 provides that "Attachments may issue in the following cases: 1. When the debtor resides out of the State. 2. When the debtor is actually removing, or about to remove, without the limits of the county. 3. When the debtor absconds. 4. When the debtor conceals himself. 5. When the debtor resists legal arrest. 6. When the debtor is causing his property to be removed beyond the limits of the State."

Clearly, the Georgia attachment procedure is so narrowly drawn as to meet the "unusual conditions" or "extraordinary situations" tests of the Supreme Court.

Therefore, the trial court did not err in upholding the constitutionality of the Georgia attachment statutes.

■ The appellant's next contention, that the judge of the Small Claims Court of Colquitt County violated Code Ann. § 24-102 (Ga. L. 1943, p. 322), by acting as a judicial officer in a case in which he had a pecuniary interest, cannot be sustained.

The attorney who filed the attachment proceedings on behalf of Airspeed International Sales, Inc., Airspeed International, Inc. and Euramericair, Inc. against the appellant Kitson had previously acted as the judicial officer in the attachment sworn out in the instant case by the appellant Hawke in behalf of Airspeed International Sales, Inc. However, these were separate attachment actions involving a different amount of alleged indebtedness, no bond was ever posted, and the later action was eventually dismissed with prejudice by the attorney who filed it. Nowhere in the record is it shown that the attorney who acted as the judicial officer in the attachment proceeding here appealed ever acted as attorney for the appellee Hawke in any way which involved the subject matter before this court.

Under these circumstances it cannot be maintained that the attachment involved in this appeal is invalid.

■ The appellant urges that the rule nisi entered by the trial court on August 24, 1972, together with the subsequent order of

August 31, 1972, extending the time for posting the additional bond, should be dissolved for failure of the appellees to post the additional bond required by the court in its order of August 11, 1972.

(a) It is first contended that an order to show cause must be supported by an affidavit stating facts upon which the motion and order are based and that the extension here was granted without such affidavit, thereby denying the appellant the right to refute the allegations in the motion to extend the time.

The motion of the appellees upon which the order was granted stated as follows: "Plaintiffs show that a diligent effort has been made by them to post the additional bond within the time required by the order of August 11, 1972, but that the time limit granted therein was insufficient and that the extension is for good cause."

Code Ann. § 81A-106 (b) (Ga. L. 1967, pp. 226, 229, 230) provides in pertinent part, that "When by this Title or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, . . . the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period extended if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. . ."

Here the appellant had the opportunity upon the rule nisi hearing to object to the extension of time and to show why it should not be granted. It cannot now be said that the judge abused his discretion in granting the extension.

(b) The appellant further argues that Code § 8-113, which provides in material part that "the judge of said court . . . shall without delay hear testimony as to the sufficiency of said bond, and may in his discretion require additional security or a new bond to be given within such time as he may prescribe . . .", requires that only the particular judge before whom the facts are presented is competent to decide whether additional bond must be posted and the time for doing so.

The facts in this regard are that the order of August 11, 1972, was rendered in the absence from the circuit of the only judge at that time in the Southern Judicial Circuit, and that a judge of an adjoining circuit conducted the hearing and issued the order on the motion on the sufficiency of the bond. It is judicially known that subsequently an additional judge was appointed to the circuit

and he issued the order granting the extension of time.

We are unable to interpret Code § 8-113, supra, as vesting exclusive jurisdiction in a single superior court judge sitting within a judicial circuit to decide all matters which relate to an attachment bond. See in this regard, *Glover v. Morris,* 122 Ga. 768 (50 SE 956), where this court discussed this issue in connection with a mandamus action.

We find no error in the proceedings.

*Judgment affirmed. All the Justices concurs.*