### 48790. PARRIS v. SLATON et al.

CLARK, Judge.

Unique and unusual is the background of this appeal. Acting for himself Parris, presently incarcerated in the United States Penitentiary, filed in the Fulton County Superior Court a complaint denominated "Motion for Return of Impounded Property" against District Attorney Slaton and Hewatt, an investigator employed in Slaton's office. It recited that while he was confined to the Fulton County Jail pending appeal of numerous state sentences totalling approximately 70 years, a sum of $ 300 was deposited by a friend in "Petitioner's jail account." The final two paragraphs and the prayer read as follows:

"C. Your Petitioner managed to effect an escape on March 28, 1972, with the aid of defendant Henry Hewatt of the Solicitor's Office by allowing petitioner easy access to his service pistol.

"D. Defendants Slaton and Hewatt, by an alleged

Court Order impounding petitioner's property, did remove and keep all moneys belonging to petitioner shortly after the easy escape from defendant's custody.

"Wherefore, Petitioner demands the return of his stolen money, the amount believed to be $100 and any and all properties seized and illegally held by defendants Slaton and Hewatt, since defendants can hardly claim petitioner's money to be fruits of a crime; the only crime appearing herein being that committed by Slaton and Hewatt in taking money belonging to Charles William Parris."

Defendants filed separate answers. Hewatt's answer was in the nature of a plea of res judicata based upon a judgment obtained in an attachment suit filed by Hewatt against Parris. The declaration of attachment averred that when Parris had effected his escape that he had taken "from defendant's person by use of a pistol and without defendant's consent, $150 in U.S. currency." By garnishment Hewatt had recovered $95.99, that sum representing all of the funds in Parris' jail account at the time Hewatt had instituted attachment proceedings with garnishment of that account. A certified copy of the proceedings in the attachment suit including the judgment for Hewatt was made a part of his answer.

The district attorney's answer denied that "he has ever had possession or control of any of the funds referred to in the complaint, either individually or officially."

There was a response filed by Parris to these answers after which each of the defendants moved for summary judgment with affidavits in factual support of their respective answers. Hewatt's motion included an affidavit from the Sheriff of Fulton County explaining that the funds referred to "were deposited in the 'prisoner's funds' maintained by deponent for the safe keeping of funds for prisoners in the Fulton County Jail."

The trial judge entered separate judgments for each defendant on the summary judgment motions. This appeal followed.

1. In *Kitson v. Hawke,* 231 Ga. 157 (200 SE2d 703) the Supreme Court upheld the validity of Georgia's attachment statutes and held that they do not violate the Fourth, Fifth or Fourteenth Amendments to the United

States Constitution.

2. The trial court was correct in sustaining the motion for summary judgment filed by District Attorney Slaton. His affidavit with supplemental affidavits established he had never had possession of any funds belonging to Parris. "As a general rule, a public officer is not liable under the respondeat superior doctrine for acts or omissions of his subordinates." 67 CJS 423, Officers, § 128. See *Mathis v. Nelson,* 79 Ga. App. 639, 640 (3) (54 SE2d 710).

3. Similarly, the trial judge was correct in sustaining Hewatt's plea of res judicata. The attachment proceedings including the garnishment of the funds were in proper and legal form. As there was no personal service, the attachment had proceeded in rem after the garnishee's answer had been filed. *Albright-Pryor Co. v. Pacific Selling Co.,* 126 Ga. 498 (2) (55 SE 251). "A judgment in rem is conclusive upon everyone." Code § 110-502.

4. When an examination of the record in this appeal disclosed that appellant had failed to file enumerations of error as required by law (Code Ann. § 6-810; *Smith v. Smith,* 225 Ga. 474 (169 SE2d 820)), the clerk of this court notified appellant that he was required by order of this court to file the requisite enumerations of error. As he failed to comply with an order of this court directing the filing of the enumerations of error, the appeal must be dismissed. Code Ann. § 24-3614 (Rule 14 (a)).

*Appeal dismissed. Hall, P. J., concurs. Evans, J., concurs specially.*

SUBMITTED NOVEMBER 7, 1973— DECIDED MARCH 1, 1974.

*Lewis R. Slaton, District Attorney, Carter Goode, Morris H. Rosenberg,* for appellee.

EVANS, Judge, concurring specially.

I concur in the judgment, but not with all that is set forth in the opinion.

I specifically disagree with the statement in Headnote 2 as follows, to wit: "As a general rule, a public

officer is not liable under the respondeat superior doctrine for acts or omissions of his subordinates."

The above does not correctly set forth the general rule. As to liability for acts of subordinates, a public officer may be held liable for failure to exercise due care in the selection of subordinates; or when he has knowledge of the negligent acts of such inferiors. *Mathis v. Nelson,* 79 Ga. App. 639 (3), 643 (54 SE2d 710).

Sheriffs are liable for misconduct of their deputies and of their jailers. Code § 24-2812.