Kenneth L. HAGOPIAN and Judy
Hagopian, Plaintiffs,

v.

CONSOLIDATED EQUITIES CORP.
et al., Defendants.

Civ. A. No. C 74–1466 A.

United States District Court,
N. D. Georgia,
Atlanta Division.

April 14, 1975.

Ralph W. Kearns, J. Milton Grubbs, Marietta, Ga., for plaintiffs.

Eugene O'Brien, Atlanta, Ga., for defendants.

ORDER

JAMES C. HILL, District Judge.

Presently before the Court is defendants' motion for summary judgment on Count One—an alleged due process violation—of a two Count complaint. This action commenced when plaintiffs filed their complaint in which they alleged defendants had violated their due process rights in obtaining a writ of attachment and that defendant Croft, while acting as an agent for defendants Consolidated Equities Corp. and State Mutual Life Assurance Company of America, slandered plaintiffs. Plaintiffs pray for $35,000.00 in actual damages and for $100,000.00 in punitive damages.

Plaintiffs seek to bring their due process claim pursuant to 42 U.S.C. §

1983. Jurisdiction is predicated on 28 U.S.C. § 1343(3).

In May of 1973, plaintiffs leased an apartment owned by defendants Consolidated Equities and State Mutual Life Assurance. The term of the lease was June 1, 1973, to May 31, 1974, and the monthly rental was $269.00. In September of 1973, the Hagopians made the decision to move to Charlotte, North Carolina. Approximately three weeks before September 26, 1973, Judy Hagopian delivered a written notice that they (the Hagopians) would vacate their apartment before October 1, 1973. On or about September 18, 1973, Mrs. Ruth Massengale, the resident manager of the apartments, spoke with Judy Hagopian on the telephone. Mrs. Massengale informed Mrs. Hagopian that she (Mrs. Hagopian) would need to leave a check for the October rent before vacating the apartment. Mrs. Hagopian informed Mrs. Massengale that the movers would be there to pack on September 25th and would load and move them on September 26th. Mrs. Hagopian agreed to pay the October rent, but the parties dispute the time by which she agreed to pay. Plaintiffs contend Mrs. Hagopian agreed to leave the check at the apartment on the moving date (September 26th); defendants seem to contend that Mrs. Hagopian agreed to make payment prior to the day of moving.

On September 25, 1973, the movers arrived and packed the Hagopians' belongings. On the 26th they began to load the truck. When this was reported to Lucian Croft, an employee of Consolidated Equities, he obtained a writ of attachment from a Clerk of the Civil Court of Fulton County, Georgia. Croft obtained the writ as the agent of Consolidated Equities Corp. and State Mutual Life Assurance Company of America d/b/a Ambassador. The Hagopians' indebtedness was asserted to be $538.00; the justification asserted for obtaining the writ was that the Hagopians were causing their property to be removed beyond the limits of the State of Georgia.

Deputy Marshals of the Civil Court went to the Hagopians' apartment and seized certain items of personal property belonging to the Hagopians. The seized property was stored on the premises of the apartment complex. After Mrs. Hagopian obtained sufficient cash, she went to the Civil Court of Fulton County and secured the release of the property upon paying the amount of the attachment.

In Count One of their complaint plaintiffs allege that defendants denied plaintiffs due process in obtaining the writ of attachment and having the furniture seized without affording plaintiffs notice and opportunity to be heard. Plaintiffs contend the Georgia attachment laws, Ga.Code Ann. §§ 8–101–906 are unconstitutional. Defendants have moved for summary judgment on Count One. Defendants argue the Georgia attachment procedures are constitutional.

Defendants make two principal arguments. They contend plaintiffs are barred from contesting the constitutionality of the Georgia attachment procedures. Defendants assert the attachment procedures give recourse to the superior court where any issue, including the constitutionality could be raised. *See* Ga.Code Ann. § 8–113 and § 8–117. By paying the amount claimed to be owed rather than contesting the attachment, defendants argue plaintiffs are now barred from challenging the attachment proceedings. Secondly, defendants contend the attachment procedures are constitutional.

The Court does not find defendants' res judicata argument convincing. For a subsequent action to be barred, there must be an adjudication on the merits by a court of competent jurisdiction. *Stone v. City of Maitland,* 446 F.2d 83, 85–86 (5th Cir. 1971); *Kaufman v. Somers Board of Education,* 368 F.Supp. 28, 33 (D.Conn.1973). Since there was no adjudication on the merits, the attachment proceeding does not bar the instant action.

■ In recent years creditor's summary remedies have been under wide attack. *See, e. g., North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); *Mitchell v. W. T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). The attachment statutes involved here have not been exempt. *See Doran v. Home Mart Building Centers, Inc.,* 233 Ga. 705, 213 S.E.2d 825 (1975); *Kitson v. Hawke,* 231 Ga. 157, 200 S.E.2d 703 (1973); *Parris v. Slaton,* 131 Ga.App. 92, 205 S.E.2d 67 (1974). However, the federal courts do not decide constitutional questions in advance of the necessity of deciding them. *See Ashwander v. Valley Authority,* 297 U.S. 288, 346–347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Justice Brandeis concurring). Although the parties here have argued the constitutional question and given scant attention to other issues, the Court thinks the other issues are dispositive. The constitutional question need not be reached.

■ Count One is a § 1983 claim for damages. To state a claim under § 1983 the plaintiff must allege deprivation of a constitutional right done under color of state law. *Ingram v. Dunn,* 383 F.Supp. 1043, 1046 (N.D.Ga.1974). Plaintiffs have alleged deprivation of their due process rights, so the requirement of deprivation of a constitutional right is satisfied. Whether the deprivation was under color of state law presents a closer question. *See Gibbs v. Titelman,* 502 F.2d 1107 (3rd Cir. 1974); *James v. Pinnix,* 495 F.2d 206 (5th Cir. 1974); *Henry v. First National Bank of Clarksdale,* 444 F.2d 1300 (5th Cir. 1971); *Lucom v. Atlantic National Bank of West Palm Beach, Fla.,* 354 F.2d 51 (5th Cir. 1965); *Dinwiddie v. Brown,* 230 F.2d 465 (5th Cir. 1956). Cf. *Hall v. Garson,* 430 F.2d 430 (5th Cir. 1970). Bright lines have not been drawn in answering the question. *James v. Pinnix, supra* at 209. Rather than dealing with the vague contours of what constitutes "under color of state law," the Court thinks a firmer basis exists for disposing of this motion.

In enacting what is now 42 U.S.C. § 1983 the Congress did not "abolish wholesale all common-law immunities." *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). In several cases the Supreme Court has recognized that some degree of immunity is afforded various governmental officials. *See Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). The Court of Appeals for this Circuit has ruled that a private person alleged to have conspired with a governmental official who has immunity cannot be held liable for damages under § 1983. *Guedry v. Ford,* 431 F.2d 660, 664 (5th Cir. 1970). *Also see Hill v. McClellan,* 490 F.2d 859, 860 (5th Cir. 1974).

■ The present case involves the question of whether a private person can be held liable for damages under § 1983 for following a statutory procedure presumed to be constitutional. Absent some indication of improper motive, the Court thinks the answer must be no.

■■ An enactment by a legislative body carries a presumption of constitutionality. *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 364, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973). In the case of the statutes at hand there was not only a presumption of constitutionality, there was a judicial ruling upholding their constitutionality. Six days before the events giving rise to plaintiffs' claims, the Georgia Supreme Court ruled that the Georgia attachment procedures were not violative of due process. *See Kitson v. Hawke,* 231 Ga. 157, 200 S.E.2d 703 (1973). The Court thinks it would be an unusual rule of law to hold that private persons acting pursuant to a state statutory scheme, held to be con-

stitutional by a state's highest court, could be held liable for damages under § 1983 if the scheme were later held unconstitutional.

The Court holds that, absent some indication of improper motive, private persons acting pursuant to a statutory scheme assumed to be constitutional cannot be held liable for damages under § 1983. *See Tucker v. Maher,* 497 F.2d 1309, 1316 (2nd Cir. 1974); *Rios v. Cessna Finance Corporation,* 488 F.2d 25, 28 (10th Cir. 1973); *Roach v. Martin,* Civ. No. 74–350A (N.D.Ga., March 6, 1975). The record in the instant case does not justify an inference of improper motive on defendants' part. While plaintiffs now contest the debt, they paid the sum alleged to be owed rather than contesting the validity of the attachment. *See Tucker v. Maher,* 497 F.2d 1309 at 1316. Plaintiffs have no § 1983 claim against defendants.

Finding no dispute of material fact and that defendants are entitled to judgment as a matter of law, defendants' motion for summary judgment on Count One is granted.

It is so ordered.