50988. KITSON et al. v. HAWKE et al.

EVANS, Judge.

Plaintiffs caused an aircraft to be levied upon as the property of a nonresident, and thereafter filed a declaration in attachment.

Defendants filed the following defenses, to wit: (a) There was lack of jurisdiction, and that defendants had not consented to or waived jurisdiction, and the attachment was therefore void. (b) They denied the allegations of the declaration in attachment. (c) They filed, as an affirmative defense, that the laws of Georgia as to attachment are unconstitutional and void. (d) They alleged that plaintiffs are indebted to defendants. (e) They alleged certain improprieties in the attachment proceedings in addition to the foregoing defenses. (f) A motion to dismiss, inasmuch as the attachment proceeding did not follow the law (Code §§ 24-101, 8-111, 8-602).

The motion to dismiss was heard, denied and

affirmed by the Supreme Court in *Kitson v. Hawke,* 231 Ga. 157 (200 SE2d 703), and all constitutional issues were there decided adversely to the defendants.

Following the decision by the Supreme Court as above set forth, defendant made another motion to dismiss plaintiff's action which was actually a motion for summary judgment inasmuch as evidence was introduced based upon the ground that there was lack of jurisdiction of the subject matter. Code § 81A-112. This motion was denied; the case proceeded to trial, and judgment was rendered for the plaintiff.

Defendant appealed to this court, and now we have two questions for decision, to wit: (1) Was the motion to dismiss because of lack of jurisdiction of the subject matter properly denied? (2) Were defendants entitled to a directed verdict and judgment because the attachment proceedings were void under the jurisdictional question above mentioned? *Held:*

1. Defendants rely on the cases of *Tuells v. Torras,* 113 Ga. 691 (4) (39 SE 455), and *Albright-Prior Co. v. Pacific Selling Co.,* 126 Ga. 498·(55 SE 251), and contend said decisions hold it is essential to the validity of the levy of an attachment issued to a nonresident, that the entry of levy show that the property was levied on as the property of the defendants. Defendants contend that at the time of the levy, the property was not that of either of said defendants. It appears that during the litigation, defendant Kitson desired substitution of other collateral for the airplane, and disclosed title to be in another. An order was obtained transferring legal title into defendant in order that the plane might be sold. But while paper title may not have been in Kitson, there was considerable evidence that Kitson was the owner, even though the title papers may not have been transferred to him. It cannot be said that Kitson did not own such an interest in the aircraft as to prevent its attachment. The property was levied upon as the property of the defendants.

2. A judgment may not be arrested or set aside for any defect in the proceedings or record that is aided by the verdict or amendable as a matter of form. See *Homasote Co. v. Stanley ,* 104 Ga. App. 636 (7), 641 (122 SE2d 523); *McDonald v. Kimball Co.,* 144 Ga. 105 (86 SE 234);

*Manley v. McKenzie,* 128 Ga. 347 (57 SE 705). Accordingly, any defects in the attachment proceedings may be presumed to have been aided by the evidence, and the verdict and judgment cannot be set aside. There is no evidence before this court which we may consider, and absent such evidence, we are greatly handicapped.

The only facts which we can consider are that there was a motion to dismiss and certain discovery evidence as to that motion of defendant seeking to show there was substituted other collateral for the airplane. We may assume the airplane was turned over to defendant Kitson for sale or other disposal.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 8, 1975 — DECIDED SEPTEMBER 26, 1975 — REHEARING DENIED OCTOBER 9, 1975 —

*Herbert S. Waldman, Peter Zack Geer,* for appellants.
*Moore & Chambliss, C. Saxby Chambliss,* for appellees.