James HOLLIS, Plaintiff-Appellant,

v.

ITAWAMBA COUNTY LOANS, et al.,
Defendants-Appellees.

No. 80–3827
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 30, 1981.

Linda Bailey, Tupelo, Miss., for plaintiff-appellant.

Sam Reedy, Fulton, Miss., for defendants-appellees.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff Hollis appeals from the judgment of the district court dismissing with prejudice his 42 U.S.C. § 1983 civil rights action for failure of proof of damages. The action was based on the defendants' alleged violation of the plaintiff's Fourteenth Amendment due process and equal protection guarantees during the course of a procedurally defective Mississippi state replevin action directed against the plaintiff. On appeal, the plaintiff contends that (1) the district court erred in dismissing the § 1983 action without a hearing on the merits separate from the hearing on the plaintiff's request for a preliminary injunction, and (2) the district court erred in refraining from granting the plaintiff's requested declaratory judgment on the unconstitutionality of the Mississippi replevin statute. We find that the district court erred in deciding the merits of the plaintiff's § 1983 action as to the damages issue without first granting a hearing on that issue. The judgment of dismissal is therefore vacated and the case remanded for further proceedings in accordance with this opinion.

*The Facts*

The defendant Itawamba County Loans, Inc. (Itawamba), a creditor of the plaintiff Hollis with a valid security interest in his car, instituted a state replevin action under Miss.Code § 11–37–101 *et seq.* (1975) in order to have the car seized and sold for nonpayment of the monthly notes. A writ of replevin was issued by the defendant Hayes, a state justice court judge, and delivered for enforcement to the defendant Crayton, a county constable. Immediately following seizure of the car, the plaintiff filed this § 1983 action alleging Fourteenth Amendment violations by the defendants and seeking preliminary injunctive relief for return of the car, a declaratory judgment that the state replevin statute is unconstitutional, damages, and attorney's fees.

The Mississippi replevin statute permits the seizure of a debtor's property at the instance of the creditor without a pre-seizure hearing; however, it provides certain safeguards for the debtor such as a creditor's bond and a detailed declaration under the creditor's oath establishing the grounds for the writ of replevin. Miss.Code § 11–37–101. The plaintiff Hollis's prayer for declaratory relief attacks the statute as facially unconstitutional because it lacks provision for notice and hearing prior to the seizure.

Additionally, Hollis contends that, in the present instance, his automobile was seized from him by an irregular abuse of the replevin proceedings that unconstitutionally deprived him even of the notice and safeguards provided by Mississippi law, because:

1. His vehicle was seized by simple service of the writ and summons to appear five days later; the creditor's declarations and exhibits were not attached thereto as required by statute in order "to fully inform the defendant as to the claim being made against him," Miss.Code § 11–37–113.

2. The conclusory affidavit filed by the creditor did not satisfy the statutory requirement that, to establish the right to immediate seizure of the debtor's property without a hearing, the declaration set forth "all facts and circumstances upon which the plaintiff [creditor] relies for his claim," Miss.Code § 11–37–101(c).

3. The setting of the hearing for Sunday, in contravention of Mississippi procedural law, deprived the debtor Hollis of the minimum five-day period statutorily required before a final-determination hearing may be held after service of the writ and seizure, Miss.Code § 11–37–125, and minimized any chance the debtor Hollis may have had to secure representation by counsel on this non-judicial day of rest.

At the hearing on the preliminary injunction held in federal district court in Mississippi, the court accepted these contentions.[1] It therefore held that (at least for the purposes of the preliminary injunction) the plaintiff Hollis had established that these procedural short-cuts constituted such an abuse of process as to violate his federal due process rights. Accordingly, the court granted a preliminary injunction requiring the defendants to return the vehicle to the plaintiff Hollis. *The defendants have not questioned this ruling by appeal or cross-appeal.*

While the court ordered the defendants to return the car to Hollis, in so doing, it specifically reserved to the defendants the right to pursue in state court another replevin action against him. The district court also ordered the parties to submit briefs on the question of the constitutionality of the Mississippi replevin statute.

Despite the submission of briefs on the question of the constitutionality of the replevin statute, the district court subsequently decided that it would be unnecessary to decide the constitutional issue asserted by the claim for declaratory relief (i. e., the issue of the facial unconstitutionality of the Mississippi replevin statute). The court determined that the plaintiff Hollis had already received all the relief to which he was entitled, i. e., the return of the automobile, because at the preliminary injunction hearing the plaintiff had proved neither compensable damages nor conduct entitling him to punitive damages.

### The Issues

The plaintiff appeals from the order of dismissal and argues that (1) the district court should have allowed him to prove his damages at a hearing on the merits, since the hearing on the preliminary injunction was limited to the issue of the propriety of an injunction and that (2) the district court improperly refused to decide the question of the constitutionality of the Mississippi replevin statute by declaratory judgment.

In the case's present procedural stance the question is whether, in the light of the unappealed ruling that the defendants' conduct justified injunctive relief,[2] the district court erred in dismissing the plaintiff Hollis's claim for damages and for declaratory relief, upon the court's finding (at this state of the proceedings) that Hollis had not proved any damages that would entitle him to relief other than the injunctive relief (the return of the automobile) previously accorded to him.

### 1. Damages

In open court at the outset of the hearing on the motion for preliminary injunction, the district court announced that the hearing was limited to the issue of whether or not an injunction should issue. While Hollis testified as to the hardship caused by the seizure of his car (which remained in the custody of the constable for approximately 23 days), there was no apparent attempt made by counsel for plaintiff to prove the extent of damages suffered by the constitutional violation.

The plaintiff contends that this hearing, limited as it was to the issue of the preliminary injunction (and with no prior notice to the parties to the contrary), cannot consti-

1. The district court apparently did so on the basis that the plaintiff's allegations that defendants' conduct was "wilful, intentional, and purposeful" established a cause of action under § 1983 for deprivation of property without due process of law, regardless of whether the statute itself is constitutional. See *Torres v. First State Bank of Sierra County*, 550 F.2d 1255, 1257 (10th Cir. 1977); *Guzman v. Western State Bank of Devils Lake*, 540 F.2d 948, 951–952 (8th Cir. 1976).

2. At the trial on the merits, the defendants will not be precluded from questioning whether their conduct constituted a violation of the plaintiffs' federal due process rights. See 11 Wright & Miller, § 2950 at 494–95 (1973):

> Although evidence received at a Rule 65(a) hearing may enter the trial record, the court's findings of fact and conclusions of law with regard to the preliminary injunction are not binding at trial. Based as they usually are, on incomplete evidence and a relatively hurried consideration of the issues, these provisional decisions should not be used outside the context in which they originally were rendered.

tute a hearing on the merits of the § 1983 claim. We agree.

■ Rule 65(a)(2), Fed.R.Civ.Proc., provides that either before or after the commencement of the hearing on an application for a preliminary injunction, the court "may order" the trial of the action on the merits to be consolidated with the hearing on the application. The order of consolidation need not be a formal written order; nevertheless, the term "order" at least requires some form of notice to the parties that their final day in court has come. *Nationwide Amusements, Inc. v. Nattin*, 452 F.2d 651, 652 (5th Cir. 1971). See also 11 Wright & Miller, Federal Practice and Procedure § 2950, pp. 487–488 (1973).

■ In the instant case, nothing in the record shows that the plaintiff knew that his entire case, including his claim for damages, was to be finally decided at the hearing on the preliminary injunction. Accordingly, it was error for the district court to dismiss the suit on the merits after that hearing. *Nationwide Amusements, Inc., supra.* The dismissal on the merits must therefore be vacated.

■ The plaintiff's claim for damages has not been rendered moot simply because his car has been returned to him. His claim is for damages for the period in which he was unconstitutionally deprived of his automobile. The return of the vehicle simply signals the end of the period of deprivation. *Johnson v. American Credit Co.*, 581 F.2d 526, 530 (5th Cir. 1978). Accordingly, without reaching the merits of the plaintiff's action, we remand the case to the district court for its determination of the damages, if any, to which the plaintiff is entitled, and for its determination of other claims presented by the pleadings.

2. *Declaratory Relief as to Facial Unconstitutionality of the Mississippi Replevin Statute*

The trial court's determination that the plaintiff Hollis was entitled to no further

substantive relief made it unnecessary for it to consider Hollis's further claim for declaratory relief as to the facial unconstitutionality of the Mississippi replevin statute. Since we have set aside the basis for the district court's failure to consider the declaratory relief requested, the district court will be faced with consideration of the issue on the remand.[3]

■ Ordinarily, even if the Mississippi statute is facially unconstitutional, absent indications of improper motive or abuse of state-powered process, a person who invokes and follows a statutory procedure not then declared unconstitutional cannot be liable in damages under 42 U.S.C. § 1983, because no "state action" is involved when the state merely opens its tribunals to private litigants and because no improper motive can be attributed to persons who avail themselves of presumably constitutional state enactments. *District 28, United Mine Workers of America, Inc. v. Wellmore Coal Corporation*, 609 F.2d 1083, 1087 (4th Cir. 1979); *Welch v. Kinchla*, 577 F.2d 767, 769 (1st Cir. 1978), *cert. denied* 439 U.S. 983, 99 S.Ct. 574, 58 L.Ed.2d 655 (1978); *G. H. McShane Company, Inc. v. McFadden*, 554 F.2d 111, 114 (3d Cir. 1977), *cert. denied* 434 U.S. 857, 98 S.Ct. 178, 54 L.Ed.2d 129 (1977); *Kacher v. Pittsburgh National Bank*, 545 F.2d 842, 846–47 (3d Cir. 1976); *Louisville Area Inter-Faith Committee for United Farm Workers v. Nottingham Liquors, Ltd.*, 542 F.2d 652, 655 (6th Cir. 1976); *Tucker v. Maher*, 497 F.2d 1309, 1315–16 (2d Cir.), *cert. denied* 419 U.S. 997, 95 S.Ct. 312, 42 L.Ed.2d 271 (1974); *Rios v. Cessna Finance Corporation*, 488 F.2d 25, 28 (10th Cir. 1973). See also *Hagopian v. Consolidated Equities Corporation*, 397 F.Supp. 934, 936–37 (N.D.Ga.1975).

Here, however, the plaintiff Hollis has stated a presumptively valid section 1983 claim for damages based, not upon the fa-

---

**3.** Although under somewhat similar circumstances in *Johnson v. American Credit Co., supra*, this court decided in the interests of judicial economy to reach the issue itself, 581 F.2d at 533, we prefer to remand the issue of the propriety of declaratory relief to the trial court, which did not previously reach the issue or pass on it.

cial unconstitutionality of the statute, but rather upon the improper abuse of the statutory procedure (even if presumptively constitutional) so as to deprive him of federal due process rights through improper use of state power. See text at notes 1 and 2, *supra*. Joined with the presumptively valid claim for section 1983 damages is a prayer for declaratory relief that challenges the constitutionality of the Mississippi replevin statute. Under the present posture of the case, the initial replevin seizure has been set aside as unconstitutionally obtained. However, under the district court's order the defendant creditor's right was expressly reserved to re-institute replevin proceedings in state court, presumably invoking the aid of the same defendant state officers, under the Mississippi statute attacked as invalid in the claim for declaratory relief asserted herein.

The plaintiffs thus appear to be imminently faced with harm through state action under the replevin statute which they attack as constitutionally defective in these very proceedings, in which the federal district court has granted injunctive relief against a prior replevin seizure for the same debt under a presumptively valid section 1983 claim. Under analogous circumstances, plaintiff debtors have successfully invoked Section 1983 to obtain declaratory judgments invalidating state pre-judgment seizure statutes as unconstitutional. *See, e. g., Fuentes v. Shevin,* 407 U.S. 67, 71 n.3, 92 S.Ct. 1983, 1989 n.3, 32 L.Ed.2d 556 (1972); *Guzman v. Western State Bank of Devils Lake,* 516 F.2d 125, 127 (8th Cir. 1975); *Bay State Harness Horse Racing and Breeding Association, Inc. v. PPG Industries, Inc.,* 365 F.Supp. 1299, 1301 (D.Mass.1973) (three-judge court). *See also* S. Nahmod, Civil Rights & Civil Liberties Litigation §§ 5.02–06 (1979); C. Antieau, Federal Civil Rights Acts § 79 (1971).

▮ Of course, whether to grant declaratory relief is a matter for the court's sound discretion. *See* 28 U.S.C. § 2201. In the exercise of their sound discretion to entertain declaratory actions the district courts may not decline on the basis of whim or personal disinclination; but they may take into consideration the speculativeness of the situation before them and the adequacy of the record for the determination they are called upon to make, as well as other factors, such as whether there is a pending procedure in state court in which the matters in controversy between the parties may be fully litigated. *Public Affairs Associates, Inc. v. Rickover,* 369 U.S. 111, 112, 82 S.Ct. 580, 582, 7 L.Ed.2d 604 (1962); *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); 10 Wright & Miller, Federal Practice and Procedure § 2759 (1973). The issue of whether to grant a declaratory judgment is left to the district court's sound discretion to ensure that subsequent events have not, as in *Golden v. Zwickler,* 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969), made declaratory relief inappropriate.

*Conclusion*

Accordingly, we find that the district court's judgment dismissing plaintiff's case must be VACATED and REMANDED for further proceedings in accordance with this opinion.

VACATED and REMANDED.